## VANCE v. COLLINS.

Notice of demand and non-payment of a note should be personally served on an endorser residing in the same city where the note is held, and service through the post office is not effectual to charge him.

The maker of a note, after judgment against him, is a competent witness for the endorser, because his interest is equally balanced.

Nor is the objection valid that he is a party to the action; after judgment against him, the action is ended as to him; he is no longer a party, and then his competency must be tested by his interest.

An endorser who signed his name under the words "holden on the within note," is entitled to notice of demand and non-payment.

APPEAL from the District Court of the Fourth Judicial District.

This was an action against J. H. Baine and Silas H. Collins, on the following promissory note:

"$1650.                               SAN FRANCISCO, Dec. 21, 1854.

Ninety days after date, I promise to pay R. H. Vance or order, sixteen hundred and fifty dollars, with interest, at the rate of three per cent. per month until paid, for value received.     JOSIAH BAINE.

"Attest: W. E. R. HANSCOM."

Which note is endorsed:

" Holden on the within note without demand or notice.
                                        "S. H. COLLINS.
"Attest: W. E. R. HANSCOM."

It is admitted that judgment had been entered by default against
Baine on the note.    Collins answered, denying that he agreed to be
holden on said note *without demand and without notice,* as alleged in
the complaint.

On the trial the plaintiff put in evidence the certificate of the notary
protesting the note, which sets forth that the note was protested March
24, 1855, and that notice of protest was served on the endorsers March
26th, 1855, through the post office, to their address in San Francisco;
in which city it was proved that the note was held for payment, and
protested.    The introduction of the certificate was objected to by defend-
ant's counsel, and excluded by the Court, the plaintiff excepting.    The
plaintiff then called Hanscom as a witness, who testified that he wrote
the body of the note and endorsement; that Collins signed the endorse-
ment as written out, containing the words " without demand or notice."

The defendant, Collins, called Baine as a witness, to whom the plain-
tiff objected on the ground that he was a party to the record as co-de-
fendant with Collins, and that he was interested in the event of the
action.    The objections were overruled by the Court, and Baine testified
that when Collins signed the note, the words " without demand or no-
tice," were not written therein.

The plaintiff's counsel then asked the Court to charge the jury,

" 1. That if Collins promised originally, or acknowledged himself
holden on said note for payment thereof to the plaintiff, that in such
case defendant is liable if he signed his name to the words "holden on
the within note."

" 2. That a party defendant is not a competent witness for his co-
defendant."

These instructions were refused by the Court, who charged the jury
that Collins was liable if he signed the endorsement as it appeared, but
that if it had been altered without his knowledge since he signed it,
by the insertion of the words " without demand or notice," he was not
liable, and that this was the principal question for the jury to decide.

The jury found a verdict for defendant Collins.

Plaintiff moved for a new trial, which was overruled, and plaintiff
appealed.


*John Curry* for Appellant.

I. The Court erred in sustaining the objection made by the counsel
for defendant, Collins, and the introduction in evidence of the notary
public's certificate, showing that the note on which the action was
brought was duly protested, and that notice thereof was duly given to
the endorsers.

1. The Act concerning notaries public makes the original protest of a notary, or his certificate, *prima facie* evidence of the facts contained therein.  See Cod. Laws, p. 903, § 10.

2. The last day of grace was on Saturday, (March 24, 1855,) and the service of notice of protest was made to the endorsers, through the mail, to their address, San Francisco county, on the Monday following. This notice was in time.  Chitty on Bills, Am. edition of 1839.

The protest being on Saturday, the notice was properly mailed on Monday, leaving the intermediate Sunday out of the computation. (p. 519.)   Haynes *v.* Bisks, 3 Bos. & Puller, 599, 601; Wright *v.* Shawcross, 2 B. & Ald., 501; Howard *v.* Ives, 1 Hill's Rep., 265; Eagle Bank *v.* Chapin, 3 Pick R., 180.

II. The defendant, Baine, was called as a witness for his co-defendant, Collins, and was objected to by the plaintiff as incompetent on the following grounds :

1. Because he was a party to the record, and a co-defendant with defendant, Collins.

2. Because he was interested in the event of the action against the plaintiff.

The Court overruled the objection so made, and the said Baine was sworn as such witness, and gave evidence.

This ruling of the Court the appellant assigns for error.

1. On the first point, the appellant cites Schermerhorn *v.* Schermerhorn, 1 Wend., 123 and 124; Benjamin *v.* Coventry, 19 Wend., 354; Austin *v.* Fuller, 12 Barb., 364, 365; 1 Greenleaf's Evidence, §§ 329, 330; Scott *v.* Loyd, 12 Peter's Rep., 148; Practice Act, § 392, subdivision 1.

2. So far as the objection on the express ground of interest, in the event of the action, is concerned, the rule of evidence at common law is not changed by our statute, so as to affect the question involved herein. See Practice Act, §§ 392, 393; 1 Greenleaf's Evidence, §§ 391, 392, 393, 394, 395.

Baine was interested to defeat the plaintiff, because if judgment had been rendered against Collins, Baine, as principal, would have been bound to indemnify his surety, Collins, against or on account of such judgment.   1 Greenleaf's Ev., §§ 397, 402; Austin *v.* Fuller, 12 Barb., 366; Burge on Suretyship, p. 361.

III. The Court below erred in refusing the instructions requested on behalf of the appellant.   3 Kent's Com., (ed. by W. Kent,) p. 183 and note; Union Bank *v.* Coster's Ex'rs, 3 Comstock, p. 209; McLaren *v.* Watson's Ex'rs, 26 Wend., 430.

IV. The charge of the Court that if the endorsement on the note had been altered since it was signed, by inserting the second line, without the knowledge or consent of Collins, Collins was not liable, and that such fact was the principal question for the jury to pass upon, the appellant assigns as erroneous—

1. Because by such charge the Court decided that an alteration or

addition to the words used, operated to discharge Collins from a liability, which without such words, was fixed.

2. Because such alteration, unless made by the plaintiff or by his connivance, could not operate to discharge Collins, if he would have been liable without such additional words.

3. Because the Court undertook to withdraw from the consideration of the jury other matters in issue.

*Edwards & English* for Respondent.

I. The paper offered in evidence was fatally defective, and was rightly excluded:

1. Upon its face it shows that the alleged notice was not served upon the respondent personally, but deposited in the post-office of the city in which both the holders and the respondent resided.    Story on Promissory Notes, §§ 312, 315, 322.

2. Whether the contract of the respondent was that of an endorser or guarantor, this Court has, after grave consideration, decided that he was discharged, unless due demand was made and notice of refusal to pay, given.    Riggs *v.* Waldo *et als.*, 2 Cal. R., 485; Lightstone *v.* Laurencel *et al.*, 4 ib., 277.

II. The witness was competent for the respondent.

1. It was only in virtue of our statute that they were jointly sued. They might have been sued separately; and when sued jointly several judgments were properly rendered.    Practice Act, § 146; Alfred *v.* Watkins, 1 Code R., (N. S.) 343.

2. The witness had made default, and was not therefore to be excluded, because he was a party on the record.    1 Greenleaf's Ev., §§ 355–6; Chaffer *v.* Jones, 19 Pick. R., 260; Griffing *v.* Harris, 9 Port. R., 225; Adams *v.* Moore, ib., 406; Keehley *v.* Cheese, 4 McCord's R., 397.

3. The witness was not disqualified, either by reason of interest or of the policy of the law.    Chitty on Bills, 670; Freeman's Bank *v.* Rollins, 13 Me. R., 202; Darling *v.* March, 22 ib., 184; Greely *v.* Dow, 2 Met. R., 176; Frazer *v.* Carpenter, 2 McLean R., 235; Hubby *v.* Brown, 16 John. R., 70; 1 Greenl. Ev., § 400; Prac Act, §§ 392–3.

III. There was no error in the giving or refusing of instructions.    If a material alteration had been made in the respondent's undertaking by the appellant or with his privity, the whole, in any state of case was avoided.

The first instruction prayed by the appellant assumed that the respondent was liable, if he attached his signature to the words "Holden on the within;" although the words, "without demand or notice," had been inserted afterwards by the appellant, which is flatly against the law.    1 Greenl. Ev., §§ 565, 567.

The second simply prayed the Court to stultify its previous action in the admission of the witness.

The charge given by the Court fairly presented to the jury the only material question under the evidence for their determination.    If the

alleged alteration had been made by the appellant, then the respondent was discharged. This was a conclusion of law.

But the counsel for the appellant insist that the alteration may have been made by another, and that the charge took this question entirely from the jury.

The state of the pleadings will not authorize this objection. The complaint sets forth the endorsement with all the words, and avers that it was so signed.

Besides the record does not disclose the semblance of evidence that the alteration was made by any person other than the appellant. If made at all it was made by him. The jury so found, and could not have found otherwise. The Court was called upon to charge in reference to the evidence before the jury, and not in reference to mere conceivable contingencies. The rights of the parties were not affected. 2 Cal. R., 145, 381.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Chief Justice MURRAY and Mr. Justice TERRY concurred.

1. The notice of demand and non-payment should have been served personally upon the defendant residing in the same city where the note was held, and service through the post-office was not effectual to charge him.

2. The maker of a note, after judgment by default, is a competent witness for the endorser, because his interest is equally balanced. Our statute is not so severe in the exclusion of witnesses on the ground of interest as is the rule at common law. It makes the test of interest that the witness "will gain or lose by the direct legal operation and effect of the judgment." Nor is the objection valid that he is a party to the action; after judgment against him the action is ended as to him, and he is no longer a party, and then his competency must be tested by his interest.

3. The Court did not err in the refusal of the instructions asked for by the plaintiff, because as if the defendant merely endorsed his name under the words, "holden on the within note," he was an endorser entitled to notice of demand and non-payment. The question whether the words "without demand or notice" were written when the defendant signed his name or were interpolated afterwards, was properly left to the jury.

Judgment affirmed.