THE PEOPLE, ex rel. Michael Ryan, vs. ABRAM D. RUSSELL, City Judge, &c.

The city judge of New York has power to allow a writ of *habeas corpus;* but if he refuses to do so, it being discretionary with him whether to allow it or not, the remedy is not by mandamus.

APPLICATION for a mandamus directing the city judge of New York to allow a writ of *habeas corpus* in behalf of Michael Ryan.

*By the Court,* GEO. G. BARNARD, J. The city judge of the city of New York, by the act creating the office, was clothed with all the judicial powers vested by law in the recorder of the city, (*Laws of* 1850, *chap.* 205, § 3,) and was directed, by the same section, to perform and discharge all judicial duties imposed upon such recorder concurrently with him. The recorder is by statute vested with the powers of a Supreme Court commissioner. (2 *R. S.* 281, § 35.) As such he has power to allow a writ of *habeas corpus* returnable before himself, and take such proceedings, upon a return to the writ, as are authorized by the statute governing the proceedings in such cases, and to adjudge a discharge of the party imprisoned, or not, as he shall finally determine. (2 *R. S.* 280, § 18.)

The question presented by the appeal papers is whether the city judge has power to allow a writ of *habeas corpus.* It is claimed, under the authority of *Yates* v. *Lansing,* (5 *John. Rep.* 282,) that the act of allowing such writ is ministerial and not judicial; and this decision has been followed by this court in the *Matter of Nash,* (16 *Abb. Pr. Rep.* 281;) and that therefore the city judge had no power to allow the writ, being only possessed of the judicial powers of the recorder.

The case of *Yates* v. *Lansing* did not arise under the present statutes in relation to *habeas corpus.* As the law then stood, if the chancellor or judge of the Supreme Court

"in the vacation time" should "deny to allow any writ of *habeas corpus* by this act required to be granted, being applied for as aforesaid, he shall forfeit to the party grieved one thousand two hundred and fifty dollars." (1 *R. L.* 1813, 355, § 4.) The action was against the chancellor under the fifth section of the same act, for re-imprisoning a person discharged by the Supreme Court, which imposed an equal penalty for such re-imprisonment. It was held that the chancellor was not liable. That the act for which the action was brought was judicial, and no action would lie for a judicial error in judgment. In giving the opinion of the Supreme Court, the chief justice does says that the allowance of the writ in vacation is not a judicial act, "but the question as to the character in which a judge allowed a writ in vacation was not before the court, nor was the same at all involved in the decision of the question which was presented by that case. I think under the present statute it may well be questioned if the allowance of the writ of *habeas corpus* is a ministerial act. The contents of the petition are prescribed, and the exception of those classes of persons, given by statute, who can not prosecute it. A copy of the paper under which restraint is made is to be annexed, unless excuse be made for its omission. The officer may determine the question whether he will allow the writ or not. That he is made responsible to the party applying, for an erroneous decision, is true. So is a Supreme Court judge, either at chambers or special term. So are all courts or officers who have power to allow the writ; but it seems to me that the fact of responsibility for error does not determine the character of the act done. It is judicial if it be the exercise of an authority he possesses as judge, which he may or may not exercise as he shall deem the application to be legal or not.

It will thus be seen that it is of serious question, if the case of *Yates* v. *Lansing* is authority for the case of "*Matter of Nash,*" upon the point whether the act of the allowance of a writ of *habeas corpus* is a ministerial act, under

The People *v.* Russell.

the statute as it now stands. But I think the city judge has jurisdiction to allow these writs, whether the allowance of them is ministerial or judicial. He is given the same judicial powers as the recorder. After the writ is allowed and the imprisoned person is brought before the officer " he is to discharge, bail and remand him as he shall be advised, and no action or penalty is given for what he shall then do or refuse to do." (*Yates* v. *Lansing, 5 John.* 282.) The power to hear and determine the matter is judicial. The recorder has this power. If the exercise of a judicial power given by law to the city judge requires the doing of a necessary ministerial act to initiate the proceedings, he may do such act. The city judge has therefore power to allow the writ, but as he may refuse, it being discretionary with him whether to allow it or not, the remedy is not by mandamus.

The writ of mandamus, when addressed to a judicial officer, or to a court, can only order the officer or court to decide upon the matter before it, but there is no power to direct him how to decide. That rests entirely in the discretion of the court or officer. As the city judge did decide, in this case, we cannot direct him to alter his decision.

Motion denied.

[NEW YORK GENERAL TERM, April 2, 1866. *Geo. G. Barnard, Sutherland* and *Ingraham,* Justices.]