## THE PEOPLE *ex rel.* C. J. Metzner

*v.*

## A. M. EDWARDS.

MANDAMUS—*whether the proper remedy.* This court will not take jurisdiction to enforce, by *mandamus*, obedience to a writ of *habeas corpus* issued by a lower court.

This was an application to this court for a writ of *mandamus*, the object of which is set forth in the opinion of the court.

Mr. CHARLES J. METZNER, State's Attorney, for the relator.

Per CURIAM: It appears, from the petition filed in this case, that the court of common pleas of the city of Aurora issued a writ of *habeas corpus*, directed to the warden of the penitentiary, requiring him to produce the body of a prisoner, that he might be tried on a criminal charge in that court.

It further appears that the warden refused to obey the writ, alleging that he had no power to produce the prisoner, as required by the writ; and this is an application for a writ of *mandamus* to compel the warden to produce the prisoner in the court of common pleas, as required by the writ of *habeas corpus.*

If the court of common pleas, from its organization, has jurisdiction to issue such a writ, it must be clothed with ample power to enforce obedience to the writ, and hence there would be an ample remedy at law, without a resort to this proceeding; and, therefore, we could not assume jurisdiction to grant the relief prayed in the petition. If that court, on the contrary, had no power to issue the writ of *habeas corpus*, then we could not afford the relief.

So that, in any event, we fail to see how we can take jurisdiction of the case. Whether or not the court of common pleas has jurisdiction to issue such a writ, we shall not now

inquire, as the question is not properly before the court for decision.

For these reasons, the alternative writ of *mandamus* is denied.

*Mandamus denied.*