[No. 5579.]

## JULIUS WETZLER, EXECUTOR OF THE ESTATE OF JOHN C. KEENAN, DECEASED, v. J. IVES FITCH, PROBATE JUDGE OF PLACER COUNTY.

JURISDICTION OF PROBATE COURT.—The Probate Court has no jurisdiction to receive or act upon an account presented by an executor of an executor, against the estate of the testator of the deceased executor. (*Bush* v. *Lindsey*, 44 Cal. 121, affirmed.)

APPEAL from the District Court of the Thirteenth Judicial District, County of Placer.

Plaintiff applied to the District Court for a writ of mandate compelling the Probate Judge of Placer County to proceed and settle the account of the deceased executor John C. Keenan.

The petition for the writ alleged that Rosanna H. Keenan died in 1865, at the County of Sacramento, leaving real property in said county, and also a will devising her property, after paying certain legacies, in equal shares to an adopted minor son and her husband John C. Keenan, who was named in said will as executor of said estate. The will was admitted to probate, and letters testamentary issued to said John C. Keenan, who entered upon the duties of his office and continued to discharge them until his death in 1869, at which time he had rendered no account, and the estate was indebted to him in a large amount.

Thereafter, George T. Bonner, Public Administrator of the County of Sacramento, was duly appointed to fill the vacancy caused by the death of said executor, and letters of administration with the will annexed were duly issued. Thereafter, by reason of the disqualification of the Probate Judge of said last-

named county, the matters and proceedings touching the administration of said estate were transferred to the Probate Court of the County of Placer.

John C. Keenan died at San Francisco, leaving a will wherein the petitioner Julius Wetzler, J. W. Coffroth, and George J. Wright were named as his executors, to whom letters testamentary were duly issued. Coffroth died in 1872 and Wright in 1875, leaving said petitioner sole executor of the unsettled estate of his testator, John C. Keenan. Thereafter, in 1876, petitioner filed in the Probate Court of the County of Placer the account with proper vouchers of his said testator against the estate of said Rosanna H. Keenan, deceased. Thereupon, the Court made the following order:

"In the matter of the application of Julius Wetzler, executor of the estate of John C. Keenan, deceased, to have duly noticed and allowed the certain account by him herein heretofore filed for allowance of the alleged transactions and business in the matter of the estate of Rosanna H. Keenan, deceased, by John C. Keenan, the first and sole executor thereof.

"It now appearing to the Court that the said John C. Keenan, now deceased, who at the time of his death was the sole executor of said estate of Rosanna H. Keenan, deceased, had never rendered any account of his executorship; also, that one George F. Bronner subsequently received letters of administration with will annexed, upon said estate of Rosanna H. Keenan, deceased, and thence hitherto has been in the due execution of said trust; that more than ten months had fully elapsed next after publication of notice duly made and given to the creditors and claimants against said estate of and against the said Rosanna H. Keenan, deceased, before the filing or presentation of said account and claim of Julius Wetzler, executor as aforesaid, and the Court being of the opinion, as matter of law, that said Julius Wetzler, as such executor of the estate of said John C. Keenan, deceased, had and has no lawful capacity to present to this Court for such notice, audit, and allowance the said act. The said application is hereby denied.

"J. IVES FITCH, Probate Judge."

The petition prays for a writ of mandate directing the Probate Judge to set said account for hearing at a day certain, and directing that notices be given of said hearing, and that at the time appointed said respondent proceed to audit and allow said account, or the several portions thereof, as far as the same are just and lawful.

The District Court granted a peremptory writ of mandate, and the defendant appealed.

*John M. Fulweiler*, and *Hale & Craig*, for Appellant.

I.   The Probate Court not being an inferior tribunal, the District Judge has no jurisdiction in the premises. . (Code Civil Procedure, secs. 98 and 1035 ; *Pond* v. *Pond*, 10 Cal. 495.)

II.   " Mandamus lies to compel an inferior tribunal to perform a duty enjoined by law, if it refuses to do so." (*Lewis* v. *Barclay*, 35 Cal. 213.)   There is no law requiring the Probate Judge to set for hearing the account of a *deceased* executor.   This point was settled in the case of *Bush* v. *Lindsay*, 44 Cal. 124.

III.   If Julius Wetzler had a claim against Rosanna Keenan's estate he should have presented it to the administrator of that estate.   If it had been rejected by him, he had a plain, speedy, and adequate remedy by suit in the proper Court.   (Secs. 1493 to 1501, Code Civil Procedure.)

IV.   The presentation of the account to the Probate Court, by Julius Wetzler, was an act of administration on the estate of Rosanna Keenan, deceased.   If he can do one act of administration on that estate, as the executor of John C. Keenan, deceased, he can do all.   " No executor of an executor shall be authorized, as such, to administer on the estate of the first testator."   " No person has any power as an executor until he qualifies."   (Sec. 1353, Civil Procedure ; sec. 1373, Civil Code.)

V.   Before the Probate Court can legally set a day for the hearing of an account, it must first be satisfied that it has jurisdiction over the person who presents the account and the subject-matter ; therefore the action of the Court in refusing to fix a day for the settling of the account was a judicial act which

cannot be reviewed by mandamus proceedings. (*People* v. *Pratt*, 28 Cal. 168 ; *People* v. *Russell*, 46 Barb. 28 ; *Francisco* v. *M. I. Co.* 36 Cal. 283.)

The petitioner alleges the order of the Probate Court to be erroneous, and asks the District Court to compel the Probate Judge to make a different order, thereby giving the District Court appellate powers, instead of appealing directly to this Court ; for the order of the Probate Court, denying petitioner's application, amounted to a rejection of his account, if it could be properly called an account.

*George Cadwalader*, for Respondent.

I. The District Court has jurisdiction of a mandamus proceeding to compel the Judge of a Probate Court to perform a duty which pertains to his office. The constitutional organization of the District Court is such that it has the plenary jurisdiction of a common-law Court. It is not in any sense a Court of limited or inferior jurisdiction. As was well said by this Court in a case before it in which the question of jurisdiction was presented : " The general power of supervision over inferior tribunals which pertains to the Court of King's Bench in England, pertains to the District Court in this State." (*Milliken* v. *Huber*, 21 Cal. 169.)

The Court of King's Bench of England is the Court intrusted with the issuance of the writs of mandamus—the writ being used, as is sought in this case, for the purpose of setting in motion the machinery of inferior tribunals, and enforcing the due exercise of their judicial and ministerial powers. (3 Blackstone's Com. 110 ; Selwyn's Nisi Prius, 1077.)

The Probate Court is certainly of no higher character than the other Court held by the same Judge—the County Court.

But in a case where the District Court issued a mandamus to the County Court the jurisdiction was sustained. (*Carriaga* v. *Dryden*, 29 Cal. 308.)

II. The account filed was not a claim which the law requires to be presented to the administrator for allowance. All the items of the account accrued after the death of Rosanna H.

Keenan, and came under the head of expenses of administration, referred to in sec. 1616 of the Code of Civil Procedure. The present administrator of the estate has no authority to pass upon the validity or invalidity of the claim presented.

The claims referred to in secs. 1490 to 1513, inclusive, Code of Civil Procedure, are such as accrued against the intestate in his lifetime, or resulted directly from contracts made or acts performed, or wrongfully omitted to be performed, during his lifetime. (*Gurnee* v. *Maloney*, 38 Cal. 87.)

In *Deck's Estate* v. *Gerke*, 6 Cal. 669, this Court says that the rule of presentation of accounts to the administrator " applies only to such claims as were debts against the deceased, and not to the expenses incurred or disbursements made by the administrator in his management of the estate, which latter claims are conclusive only after having been allowed by the Probate Court upon settlement of the account after notice to the parties interested."

The fact that John C. Keenan died before having his accounts as executor settled and allowed cannot by any possibility affect the case. If he had rightly expended moneys in the care, management, and settlement of the estate, or if his compensation as executor remained unpaid at the time of his death, these claims against the estate would, after his death, be as valid as before, and would descend to his personal representative to be by him presented, the validity of each item proved, and the allowance of the account obtained from the Probate Court having jurisdiction of the estate.

III. The Probate Court has jurisdiction to set the account for hearing, and after notice given, to audit and allow so much of it as is proved to be just. The Court has jurisdiction " to order the payment of debts due from estates." (Sec. 97, sub. 9, Code Civ. Pro.) " To make such orders as may be necessary to the exercise of the powers conferred upon it." (Sub. 10, same section.) To appoint a day for the settlement of accounts presented. (Sec. 1633.) There is no express power given by statute to settle the accounts of a deceased executor or administrator.

In this case we claim three things:

First—That the debt due from the estate to the deceased executor was not paid by his death.

Second—That it is an asset in the hands of his executor or administrator.

Third—That it is not such a claim as is to be presented to the administrator *de bonis non* of the first estate for allowance; nor could the claim, if not allowed, be collected by suit in the District Court.

If the first executor or administrator of an estate has published notice to creditors, and the statutory time after publication has expired, no claims can be presented to or allowed by the administrator *de bonis non*, for all claims of the character of those required to be thus presented are either already presented and allowed, or barred by reason of non-presentation. These are claims accruing before the death of the decedent. (Sec. 1490 to 1513, Code Civil Procedure.)

But the claims here presented are of a different character. They accrued—all of them—after the death of the decedent, and most of them after the statutory time for proof of claims against the decedent had gone by.

They are claims against the *estate*, not against the deceased. They have no standing until allowed by the Probate Court after notice to all parties interested. (*Deck's Estate* v. *Gerke*, 6 Cal. 435; *Hope* v. *Jones*, 24 Cal. 93; *Gurnee* v. *Maloney*, 38 Cal. 88.)


By the COURT:


The Probate Court had no jurisdiction to receive, or in any way to act upon, the account presented by the petitioner as executor of John C. Keenan, deceased. (*Bush* v. *Lindsey*, 44 Cal. 121.)

It is not necessary to decide whether the Probate Court is an "inferior tribunal" to which *mandate* may issue out of the District Court.

Judgment reversed and cause remanded, with directions to dismiss the action and proceeding.