JANUARY TERM, 1889.  497

Reed and others vs. Wilson, Ex'x, etc.

REED and others, Respondents, vs. WILSON, Executrix, etc.,
Appellant.

*January 31 — February 19, 1889.*

*Estates of decedents: Settlement of account of deceased executor.*

Under the laws of this state (R. S. secs. 3258, 3800, 3933, 3934) the ex-
ecutor of a deceased executor cannot be compelled to render and
settle the account of the latter. Under sec. 3934 such account
may be settled by the county court upon the application of any
person interested, but the moving party must furnish the proofs to
enable the court to state and settle it.

APPEAL from the Circuit Court for *Iowa* County.

The following statement of the case was prepared by
Mr. Justice TAYLOR as a part of the opinion:

The material facts in this case are the following:

January 10, 1874, John B. Terry died at Mineral Point
in this state, testate. His will was duly admitted to pro-
bate, February 16, 1874. Alexander Wilson, and Caroline
and Adaline Terry, sisters of the deceased, were appointed
executors of said will, and gave bonds for the faithful dis-
charge of their duties as such executors, and letters testa-
mentary were issued to them February 16, 1874. *James
Hutchinson* was the sole security on their official bond.
The important provisions of the will are the following:
*First.* The homestead of the testator is given to his two
sisters, Caroline and Adaline, during their lives. *Second.*
Legacies of $100 each are given to Mrs. Cartwright and Mrs.
Sudduth, two nieces of deceased. A legacy of $200 is
given to the Presbyterian Church at Mineral Point. The
library of the testator is given to Frank Paddock. *Third.*
All the residue of the estate, real and personal, is given to
the executors in trust. They were to sell all his lands out-
side of Mineral Point, and his real and personal property,

and convert the same into money, which they were to invest, and pay the interest arising therefrom to the said two sisters of the testator, Caroline and Adaline, during their lives. *Fourth.* Upon the death of the two sisters the homestead and all property and trust funds in the hands of the trustees were to be divided equally between the respondents, *Jane E. Reed,* a sister of the testator, *William V. Baker,* and *Caroline Terry, Jr.,*— now, by marriage, *Caroline Terry Kelsey,*— a nephew and niece of the testator.

Caroline and Adaline Terry both died before the death of Alexander Wilson. Alexander Wilson died March 5, 1888, testate. His will was duly admitted to probate June 1, 1888, and letters testamentary were issued to the appellant on the same day, she being named in the will as executrix. On the 13th of July, 1888, the respondent *Jane E. Reed* filed in the county court of Iowa county, in the matter of the estate of John B. Terry, deceased, a petition of which the following is a copy:

" The petition of *Jane E. Reed* respectfully shows to the court that John B. Terry died at Mineral Point in said Iowa county, about January 10, 1874, leaving a will which was admitted to probate in this court on February 16, 1874; that in and by said will Alexander Wilson, Caroline Terry, and Adaline Terry were appointed joint executors thereof, and they soon thereafter qualified as such, a bond being given as required by said will in the sum of $1,000, with one *James Hutchinson* as surety; that said executors have all since died, the said Alexander Wilson having died last, and being at the time of his death the sole surviving executor of said will, and a resident of Mineral Point, Wisconsin, and having had the principal care and management of the estate of said John B. Terry; that said Alexander Wilson died about March 5, 1888, leaving a will, in which his wife, *Frances H. Wilson,* was named executrix, which will

was duly admitted to probate in this court on June 5, 1888, and letters testamentary thereon issued to the said *Frances H. Wilson*, who is now such executrix.

" And your petitioner further shows, on information and belief, that the said executrix of the will of said Alexander Wilson has in her possession or under her control all of the property, books of account, vouchers, deeds, receipts, papers, and memoranda appertaining to the estate of the said John B. Terry, which were in the possession or under the control of the said Alexander Wilson, previous to his death.

" That on May 1, 1888, letters of administration *de bonis non* with the will annexed, on the estate of said John B. Terry, were duly issued by this court to one *John H. Vivian*, of Mineral Point, Wisconsin, who is now acting as such administrator; that by his said will said John B. Terry left the income of his estate to his sisters, said Caroline Terry and Adaline Terry, for their lives, and after their death his residuary estate to your petitioner, his sister, *William V. Baker*, his nephew, and *Caroline Terry* (now *Caroline Terry Kelsey*), his niece, in equal distributive shares; that no person other than said residuary legatees, *Sarah F. Baker*, wife of the said *William V. Baker*, and said administrator *de bonis non*, is in any manner interested in the estate of said John B. Terry, save the interest which the said *James Hutchinson* may have as surety in the account of said Alexander Wilson as executor, and the settlement thereof.

" That no account of the administration of the estate of said John B. Terry was ever made or rendered, but said estate was by said Alexander Wilson, the last surviving executor thereof, left unsettled and not wholly administered at his death, and on information and belief your petitioner alleges that said Alexander Wilson as executor was, at the time of his death, indebted to the said estate of said John B. Terry to the amount of several thousand dollars.

" That said executrix of the estate of said Alexander

Wilson has not filed, or made, or rendered any account of the administration of the estate of said John B. Terry by the said Alexander Wilson, and has not settled the accounts of the said Alexander Wilson as sole surviving executor thereof, nor has *James Hutchinson*, the said bondsman, paid or offered to pay any sum whatever on account of his liability as surety on said bond.

"Wherefore your petitioner prays that the accounts of said Alexander Wilson as the last surviving executor of said estate of John B. Terry, deceased, may be settled by this court; and for an order directing the same, and citation to said executrix of the estate of said Alexander Wilson, ordering and requiring her to render and settle said accounts, and that personal notice thereof may be given to said *James Hutchinson*, and to all persons interested, as provided by law."

Upon the presentation of this petition the said county court made an order of which the following is a copy:

"In County Court, State of Wisconsin, Iowa County, *In the Estate of John B. Terry, Deceased.* On application of *Jane E. Reed*, one of the legatees under the will of the said John B. Terry, for the settling of the account of Alexander Wilson, deceased, late sole surviving executor of the estate of said John B. Terry, it is ordered that said account be settled before this court at a special term thereof, to be held at the court house in the village of Dodgeville in said county, on the 2d day of August, 1888, at the opening of the court on that day, to wit, 9 o'clock A. M., or as soon thereafter as counsel can be heard. It is further ordered that a citation be issued to *Frances H. Wilson*, executrix of the will of said Alexander Wilson, to render and settle the account of the said Alexander Wilson as sole surviving executor of the said John B. Terry, and to do and perform such other things as may be required of her by this court in relation thereto, returnable at the same time and place.

It is further ordered that notice of the time and place of the settling of said account be given to *Frances H. Wilson*, executrix of the will of said Alexander Wilson, *James Hutchinson, John H. Vivian*, administrator *de bonis non* with the will annexed of the estate of said John B. Terry, *Jane E. Reed, William H. Baker, Caroline Terry Kelsey*, and *Sarah F. Baker*, being the only persons interested, by personal service of said notice at least twenty days before said 2d day of August, 1888. By the court, JOHN T. JONES, Judge.

Upon making this order, said county court issued a citation to the appellant, which, after reciting the matters alleged in the petition, concludes as follows: " Now, therefore, you are hereby cited and required to appear before our said court, at a special term thereof to be held at the court house in the village of Dodgeville in said Iowa county, on the 2d day of August, 1888, at the opening of court on that day, to wit, at 9 o'clock A. M., or as soon thereafter as counsel can be heard, to render and settle the account of the said Alexander Wilson as sole surviving executor of the estate of the said John B. Terry, and to do and perform such other things as may be required of you by this court in relation thereto."

The following notice was given by said county court to all the parties interested: " In County Court, State of Wisconsin, Iowa County. *In the Estate of John B. Terry, Deceased.* Notice is hereby given that at a special term of the Iowa county court, to be held in and for said county at the court house in the village of Dodgeville in said county, on the 2d day of August, 1888, at the opening of court on that day, to wit, at 9 o'clock A. M., or as soon thereafter as counsel can be heard, the following matter will be heard: The application of *Jane E. Reed*, one of the legatees under the will of the said John B. Terry, for the settling of the account of Alexander Wilson, deceased, late sole surviving

executor of the estate of said John B. Terry. And it is further ordered that notice thereof be given to *Frances H. Wilson*, executrix of the will of said Alexander Wilson, *James Hutchinson, John H. Vivian*, administrator *de bonis non* with the will annexed of the estate of said John B. Terry, *Jane E. Reed, William V. Baker, Caroline Terry Kelsey*, and *Sarah F. Baker*, the only persons interested, by personal service of a copy of this order at least twenty days before said 2d day of August."

On the day fixed in said notice the appellant appeared specially to object to the jurisdiction of said county court to issue said citation requiring her, as executrix, to account with the Terry estate, and moved the court to vacate and release her from further compliance therewith. This motion was overruled by the county court, and it was ordered by said county court " that said *Frances H. Wilson*, executrix as aforesaid, do, on or before Wednesday the 8th of August, 1888, at 9 o'clock A. M. of said day, render and file in this court the final and complete account of the said Alexander Wilson as executor of the last will of said John B. Terry, deceased, from the time of his appointment as said executor to the time of his death, and that the said account thus rendered be considered and settled by this court, without further notice, on the said 8th day of August, 1888, at 9 o'clock A. M. of said day, or as soon thereafter as counsel can be heard; and it is further ordered that the said *Frances H. Wilson*, executrix, and one H. D. Post, who have been duly subpœnaed by the said petitioner, *Jane E. Reed*, to attend before this court as witnesses at this time with certain documents and papers in their possession, particularly described in the subpœnas served upon them, do appear without further subpœna or writ of this court with the said books, papers, and documents so described in said subpœnas, on the said 8th day of August, 1888, at 9 o'clock A. M., to give testimony in said matter."

From this order the executrix, *Mrs. Wilson,* appealed to the circuit court of Iowa county. Afterwards, and on the 28th day of September, 1888, the appeal was heard in the said circuit court, and after such hearing the circuit court made an order affirming the order of the county court, and from this order of the circuit court *Frances II. Wilson,* as executrix of the estate of Alexander Wilson, deceased, appeals to this court.

For the appellant there was a brief by *Orton & Osborn,* and oral argument by *P. A. Orton.*

For the respondents there was a brief by *Spensley & McIlhon* and *W. R. Spooner,* and oral argument by *Calvert Spensley* and *W. R. Spooner.* To the point that when a representative dies, not having settled his sole account, a final account should be rendered by his own executor or administrator, they cited Schouler on Ex'rs, sec. 531; *Curtis v. Bailey,* 1 Pick. 198; *Perrin v. Lepper,* 40 N. W. Rep. (Mich.), 859, 900; *Perrin v. Calhoun Circuit Judge,* 49 Mich. 342; *Ray v. Doughty,* 4 Blackf. 115; *Steen v. Steen,* 25 Miss. 534–5; *Nowell v. Nowell,* 2 Me. 75; *Gregg v. Gregg,* 15 N. H. 190; *Gale v. Luttrell,* 2 Eng. Ecc. 283.

TAYLOR, J. The only question discussed upon the appeal from said order was " whether the county court had authority, under the laws of this state, to compel the executrix of the deceased executor of the will of said Terry to render and settle the account of her testator as executor of the will of said Terry." This question has not been heretofore passed upon by this court, and is a question not entirely free from doubt.

The rule of the English law that an executor of an executor is the executor of the first testator, and must execute the will of the first testator, is abolished by statute in this state. See secs. 3258, 3800, R. S. 1878. Sec. 3258 reads as follows: " An executor of an executor shall have no au-

thority to commence or maintain any action or proceeding relating to the estate, effects, or rights of the testator of the first executor, or to take any charge or control thereof as such executor." This section clearly prohibits the executrix of Alexander Wilson from in any way intermeddling with the estate of the testator Terry, and from commencing any action or proceeding in relation to such estate as such executrix. So far the statute is very clear. Sec. 3800, R. S., provides for the appointment of an administrator with the will annexed for the purpose of completing the administration of the will of the testator Terry. Under these sections it appears to us that the executrix of the estate of Alexander Wilson has no duty to perform in regard to the settlement of the estate of Terry merely by reason of the fact that she is the executrix of her husband's will. She is a stranger to the administration or execution of the will of Terry, and can no more be called upon to settle that estate than if she had not been named as executrix of the will of her husband. This has been so held by the courts of New York, New Jersey, California, and Illinois, under similar provisions of law. *Schenck v. Schenck's Ex'rs*, 3 N. J. Law, 562, 563, 565; *Dakin v. Demming*, 6 Paige, 95; *Bush v. Lindsey*, 44 Cal. 121; *Wetzler v. Fitch*, 52 Cal. 638; *In re Fithian*, 44 Hun, 457; *Tracey v. Hadden*, 78 Ill. 30. But these decisions do not in any way interfere with the rights of those claiming an interest in the estate of Terry to compel the executrix of Wilson, or to compel his widow, irrespective of her representative capacity, to make a disclosure upon oath of any money, property, or effects belonging to the estate of Terry, which may have come into her possession or under her control as executrix of the estate of her husband or otherwise; and she may be compelled by the county court, upon application of some person interested in the estate of Terry, to make such disclosure in regard to such matters under the provisions of

sec. 3825, R. S. 1878. This was so decided in the case of *Perrin v. Calhoun Circuit Judge*, 49 Mich. 342, 345. The proceeding in the Michigan case was a proceeding under sec. 4408, Comp. Laws, Mich., which section is literally the same as our sec. 3825, R. S. of this state. The relief which a party may have under said section is commented upon by this court in *Saddington v. Hewitt*, 70 Wis. 240. Upon the nature of the duties of the executrix, upon the law of this state as it stood previous to the enactment of ch. 1, Laws of 1870, now secs. 3933, 3934, R. S. 1878, and upon authority, we think the county court had no authority to compel the appellant, as executrix of her husband's estate, to render an account and settle the business of her husband as the executor of the estate of Terry.

It is claimed by the learned counsel for the respondents that secs. 3933, 3934, R. S., confer this power upon the county court. It is admitted that these sections give the county court jurisdiction to settle the accounts of a deceased executor, and it may be claimed that the enactment of these sections clearly implied that the county court had theretofore power to settle such account; but it is insisted on the part of the learned counsel for the appellant that, in the absence of any direction as to who shall render or state the account or how the same shall be settled and adjusted, there is no power to compel the executor of a deceased executor to render and settle such account. The claim is that the party or parties desiring to have the account of the deceased executor settled and adjusted must produce to the court the evidence from which the court may state and settle the account, and, if the evidence or any part of it necessary to state such account is in the possession or control of the executrix, it must be obtained from her in the same manner as if it were in the hands or under the control of any other stranger to the estate of Terry. This argument is sustained to some extent by the language

of sec. 3933, R. S.   The language of the section is: "No
action shall be commenced upon the administration bond of
such deceased executor or administrator against the sureties
in such bond, or either of them, until such sureties, or one
of them, shall have an opportunity to apply for and have a
settlement of the administration accounts of such deceased
executor or administrator."   The delay in bringing action
on the bond is for the benefit of the sureties, and to allow
them time to settle the accounts of their principal in his
stead.   And sec. 3934 expressly confers power upon the
county court to settle the accounts of a deceased executor
or administrator *upon the application of the surety in the
bond, or of any other person interested in the settlement,* upon
notice given, etc.

The provisions of these sections do not pretend to cast
any duty upon the representative of a deceased executor or
administrator which did not theretofore rest upon him,
and, as we have said above, no such duty rests upon such
representative under any other provision of the statute.
We think the moving party must furnish the proofs to en-
able the court to state and settle the account.   He can
have all the knowledge which the representative has by
calling him or her as a witness, and by compelling the pro-
duction of all books, accounts, or other documentary evi-
dence in the possession or control of the representative,
and can obtain a discovery of all property or effects belong-
ing to the estate of Terry in the hands or under the control
of the executrix by a proceeding under sec. 3825, R. S.
The executrix is undoubtedly a party interested, within
the meaning of sec. 3934, R. S., as the settlement of such
account might establish a claim against the estate of her
testator, and as such she might apply to the county court
for a settlement of the accounts of her deceased husband.
And in such case she would have to furnish the proofs upon
which the accounts should be stated and settled.   But, if

she declines to make the application for a settlement, we are of the opinion that the county court cannot compel her to do so.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded to said court with instructions to enter an order reversing so much of the order of the county court appealed from ·as requires the said *Frances H. Wilson*, executrix, etc., to render and file in the said county court, on or before the 8th day of August, 1888, the final and complete account of the said Alexander Wilson as the executor of the last will of said John B. Terry, deceased, from the time of his appointment as such executor to the time of his death, and that the said account thus rendered be considered and settled by said court, without further notice, on the said 8th day of August, 1888, at 9 o'clock A. M. of said day, or as soon thereafter as counsel can be heard; and for further proceedings according to law.