A. A. ELLIS, ATTORNEY GENERAL, v. S. B. DABOLL, ACTING CIRCUIT JUDGE OF JACKSON COUNTY.

*Habeas corpus—Review on mandamus.*

Where a circuit judge has jurisdiction, his order in *habeas corpus*

proceedings discharging a prisoner confined in the State prison under a void sentence cannot be reviewed by *mandamus*.

*Mandamus*. Argued February 2, 1892. Denied February 9, and opinion filed February 10, 1892.

Relator applied for *mandamus* directing the respondent to vacate an order made in *habeas corpus* proceedings discharging a prisoner confined in the State prison under a void sentence. The facts are stated in the opinion.

*A. A. Ellis*, Attorney General, in *pro. per.*

*Austin Blair*, for respondent.

PER CURIAM. One John Wilson was sentenced to the State prison at Jackson by the circuit court of Calhoun county, April 5, 1890, having been convicted in that court of the crime of larceny. Wilson, by this sentence, was ordered to—

"Be confined in the State prison at Jackson under provision of Act No. 228 of the Public Acts of 1889, at hard labor, for the period of *not exceeding five years* from and including this day; and the said court gives as his reason for said sentence that he believes the said John Wilson to be a confirmed criminal."

It will be seen that Wilson was not sentenced for any definite term, but the judgment of the court was attempted to be imposed under the law known as the "Indeterminate Sentence Act," which act has been declared unconstitutional by this Court. *People v. Cummings*, 88 Mich. 249. Wilson applied for the writ of *habeas corpus* to the circuit court for the county of Jackson, within which county said prison is situated. The writ was granted, and a hearing had upon it before Hon. S. B. Daboll, circuit judge. The circuit judge in his opinion, among other things, said:

90 MICH.—18.

"This is a test case, and there are about 20 prisoners serving sentence imposed under this law. I shall order a stay of proceedings until a meeting of the Supreme Court, January 5, to allow the Attorney General an opportunity to take proper proceedings, if he desires, to review this matter, and thus finally settle the question involved, which is of great importance to both sides. An order will be entered that the prisoner be discharged by the warden, but all proceedings thereon are hereby ordered stayed until the 6th day of January, or until further ordered by the court."

The Attorney General applies to this Court for a writ of *mandamus* directing said circuit judge to vacate his order.

The first question that arises is whether or not the action of the circuit judge can be reviewed in this Court upon *mandamus*. It has been held several times by this Court that the judgment of a circuit judge upon an application for *habeas corpus* cannot be reviewed by this Court on appeal or by writ of error. *People v. Calhoun Circuit Judge*, 30 Mich. 266; *People v. Conant*, 59 Id. 565; *People v. Fairman*, Id. 568. In *People v. Calhoun Circuit Judge*, it was said that the proper remedy was by *certiorari* or *habeas corpus*. This was a case where the petitioner was not discharged. In *People v. Fairman*, where the order of the circuit judge released the petitioner, the Court said:

"When the order is made discharging the prisoner, the rule has almost universally prevailed, independent of statutory provisions, that the order for discharge is final and conclusive, and is not subject to appeal or writ of error."

In *Hamilton's Case*, 51 Mich. 174, the order of the circuit judge discharging a prisoner from the State House of Correction at Ionia was reviewed by this Court on *certiorari*, and it was there held that the circuit judge

had no jurisdiction to use the writ of *habeas corpus* as a writ of error to review proceedings before a justice of the peace in a county not belonging to his circuit, and the order of discharge was vacated. It was held that, if the commitment showed a conviction without jurisdiction, *habeas corpus* would be a proper remedy, but, when the defects were mere irregularities, the party must seek redress in some of the modes provided by statute for review by some appellate tribunal; and that the circuit judge of the Ionia circuit was not an appellate tribunal in respect to proceedings which took place before a justice of the peace of the county of Schoolcraft.

In Wilson's case the sentence was null and void. It was the same as no sentence. Wilson, therefore, was imprisoned, at the time he applied for the writ of *habeas corpus*, without any legal process whatsoever. There was no question of review of irregularities in the conviction or commitment, but a case where the imprisonment was clearly upon a void warrant and an unauthorized sentence. The circuit judge for the county of Jackson had full jurisdiction, therefore, to entertain the writ; and we are satisfied that we have no power to review the order of Judge Daboll by *mandamus*. Where the circuit court has authority to issue a writ of *habeas corpus*, and to hear it, such action is the exercise of a judicial power, and the discretion of the judge cannot be reviewed by *mandamus*. High, Extr. Leg. Rem. §§ 155, 156; *People v. Russell*, 46 Barb. 27; *People v. Edwards*, 66 Ill. 59.

Especially in a case where the petitioner is discharged is the writ of *mandamus* not maintainable. The prisoner is not represented nor present. It is, as in this case, a controversy between the people and the judge making the order of discharge. The Attorney General moves this Court to compel the circuit judge to vacate an order which has discharged the prisoner. The writ of *habeas*

*corpus* is the most celebrated writ known to the law, and has been justly styled "the great writ of liberty." If its efficacy can be impaired by such proceedings as these, its usefulness to the citizen may be destroyed. In every case where one applies for his liberty from illegal confinement or restraint, upon the request of the law officer of the people the judge may stay the execution of his order to discharge the prisoner, and he may be held for days and months to await the review of the Supreme Court, in which he is not a party to the record, and in which he does not personally appear. This would amount to an absolute denial of right in many cases, and, while the proceedings are pending, he would be imprisoned without "due process of law."

The writ of *mandamus* must be denied. The stay of proceedings heretofore granted by this Court will be vacated, and the order of discharge made by the circuit judge must remain as entered by him.