ROBBINS, *for Use of* WOOD, *v.* BURRIDGE.

1. EXECUTORS AND ADMINISTRATORS—LIABILITY OF BONDSMEN—
   RES JUDICATA.
   An order of the probate court requiring an administrator to
   account for money held by his intestate as executor of
   another estate, made in the matter of the latter estate, and
   without notice to the administrator's bondsmen, is not con-
   clusive upon the bondsmen as to the duty of the administrator
   in the premises.

2. SAME.
   Nor is an order permitting suit to be brought on the bond be-
   cause of the failure of the administrator to pay over the
   money, though entered after notice to the bondsmen and a
   hearing of their objections, *res judicata* as to their liability
   for such default under the terms of the bond.

3. SAME—STATUTORY AUTHORITY OF ADMINISTRATOR.
   Under 3 Comp. Laws, § 9320, providing that the executor of an
   executor shall not, as such, have any authority to administer
   the estate of the first testator, the bondsmen of an adminis-
   trator of an executor are not liable for the default of their
   principal in accounting for the proceeds of property belonging
   to the first estate, of which he assumed control on the death
   of his intestate.

4. SAME.
   An administrator of an executor has no greater interest in the
   property belonging to the estate of which his decedent was
   executor, or duty to perform in regard to it, than any cred-
   itor, heir, or other person into whose hands the property might
   temporarily come.

5. SAME.
   That an administrator's bond is conditioned for his performance
   of all orders and decrees of the probate court by him to be
   performed in the premises does not render the bondsmen liable
   for his failure to perform an order not relating to the estate
   of which he is administrator.

Error to Lenawee; Chester, J.   Submitted March 7,
1901.   Decided July 19, 1901.

Debt by Richard B. Robbins, judge of probate of Lenawee county, for the use and benefit of Frederick B. Wood, administrator *de bonis non*, with the will annexed, of the estate of David D. Meeker, deceased, against Walter C. Burridge, principal, and Peter B. Sutfin and John Linton, sureties, on an administrator's bond. From a judgment for plaintiff on verdict directed by the court, defendant sureties bring error. Reversed.

*Salsbury & O'Mealey*, for appellants.

*Watts, Smith & Baldwin* and *Frederick B. Wood*, for appellee.

MONTGOMERY, C. J. This is an action on an administrator's bond commenced by declaration; and it appears by the record that on the 7th day of August, 1891, David D. Meeker, of the village of Tecumseh, in Lenawee county, departed this life, leaving a last will and testament, and possessed of real and personal estate in said county, of the estimated value of $11,000 or thereabouts, and, afterwards, Charles Burridge, of said village, was duly appointed by the probate court of said county executor of the will of said deceased, and entered upon the duties of said appointment. On the 3d day of April, 1894, he filed his first annual administration account, and no further account appears to have been filed by him in said estate; and on the 7th day of February, 1897, he died. On the 6th day of April, 1897, upon the petition of the widow of said Charles Burridge, Walter C. Burridge, his son, was duly appointed administrator of the estate of said Charles Burridge, deceased, and filed his administration bond, with these appellants, Peter B. Sutfin and John Linton, as his sureties, and assumed the duties of said appointment, but did nothing more. No inventory was filed, no commissioners appointed, no debts paid, no accounting had, and no distribution.

On the 7th day of June, 1897, Frederick B. Wood, of the said village of Tecumseh, was duly appointed by said

probate court administrator *de bonis non*, with the will annexed, of the estate of David D. Meeker, deceased, filed his administration bond, and entered upon the duties of his appointment. On the 10th day of April, 1898, the said Walter C. Burridge filed his petition in said probate court in the estate of said David D. Meeker, in which, after reciting, among other things, that he was the administrator of the estate of Charles Burridge, deceased, and that Charles Burridge was appointed administrator (executor) of the estate of David D. Meeker, he states "that he desires to file the final account of said administrator [executor], and prays that a time and place may be assigned for examination and allowance of such final account with said estate." Said administration account of Charles Burridge was filed by the said Walter C. Burridge in said probate court, which said account was afterwards duly examined and allowed by an order of said probate court; the said Frederick B. Wood, as administrator aforesaid, consenting thereto. On said accounting said probate court found "that there still remains due from the estate of said Charles Burridge, as belonging to said estate of said David D. Meeker, deceased, the sum of $4,939.69, consisting of money in hand," and ordered that "the said Walter C. Burridge pay said sum of $4,939.69 to the said Frederick B. Wood, and take his receipt therefor, and that, on filing such receipt in this court, the estate of Charles Burridge be discharged, and his bond as late executor canceled." And, the said Walter C. having failed to pay over said sum to the said Frederick B. Wood pursuant to said order, said Frederick B. Wood, as such administrator, filed his petition in the probate court, asking said court to make an order granting him leave to sue and prosecute the administration bond of the said Walter C. Burridge, and, after due notice of the hearing of said petition, the sureties of Walter C. Burridge appeared in said court, and filed written objections to the granting of the prayer of said petition; and on said hearing an order was duly made by said probate court granting leave to

said Frederick B. Wood, as such administrator, to bring an action in the circuit court for said county on the said bond of the said Walter C. Burridge, and this action is brought against appellants as sureties on said bond. And said cause was thereafter duly brought on for trial before the court with a jury, and by direction of the court the jury rendered a verdict therein in favor of the plaintiff, and against the sureties, for $4,000, being the full penalty of the administration bond of the said Walter C. Burridge.

The contention of the appellants is that the liability of Burridge, for which a judgment has been recovered against his sureties, did not fall within the conditions of the bond signed by them. The appellee contends not only that the obligation is within the terms of the bond, but that the order of the probate court, allowing the final account in the Meeker estate filed by Walter C. Burridge, is an adjudication which binds the sureties, and also that the order permitting suit to be brought upon this bond is *res judicata*, and determines the liability of the sureties.

The conditions of the administrator's bond were the statutory ones: That he should, *first*, make an inventory; *second*, administer the estate of the deceased; *third*, render an account of his administration; and, *fourth*, perform all orders of the probate court by the administrator to be performed in the premises. If the rendering of the account in the Meeker estate, and the payment of the money to the administrator *de bonis non* of that estate, were not duties of Walter C. Burridge as administrator of Charles Burridge, it seems clear that these sureties are not estopped to assert that fact by an order made in the Meeker estate in a proceeding of which they had no notice. See *Wetzler* v. *Fitch*, 52 Cal. 638.

The other question raised by the appellee, namely, whether the order granting leave to the plaintiff to sue the bond is *res judicata* as to his right to maintain the action, is a question of more difficulty. Reference is had to *Clark* v. *Fredenburg*, 43 Mich. 263 (5 N. W. 306), in which language is used which would apparently sustain

the appellee's contention. The language employed was not necessary to a determination of the case, and we think the later decisions of the court have defined the effect of such an order properly. The sureties may appear, it is true, and the question may be open to consideration by the probate judge as to whether there is enough to justify vexing the sureties with an action on the bond. But we think it is not contemplated that the merits of the case, shall there be finally determined, but, on the contrary, that the appropriate forum in which to litigate the question is the circuit court in which the action on the bond is brought. See *Perkins* v. *Cheney,* 114 Mich. 567 (72 N. W. 595, 68 Am. St. Rep. 495), and cases cited.

On the merits of the case, the question presented is whether, under the statutes of this State, the executor of an executor, who assumes to take control of the assets of the first estate, renders the sureties on his bond liable for his default in paying over and accounting for the proceeds of such property. Undoubtedly, at common law, the executor owed the duty to administer the estate of the first testator. But the interesting question is presented as to what, if any, control over the assets of the first estate such second executor now has, in view of our statute (3 Comp. Laws, § 9320), which reads:

"The executor of an executor shall not, as such, have any authority to administer the estate of the first testator, but, on the death of the only surviving executor of any will, administration of the estate of the first testator, not already administered, may be granted, with the will annexed, to such person as the probate court may judge proper."

Statutes with the same purpose in view have been passed in various States. In Wisconsin, the language of the statute is somewhat different. Section 3258 of the Revised Statutes of Wisconsin reads:

"An executor of an executor shall have no authority to commence or maintain any action or proceeding relating to the estate, effects, or rights of the testator of the first

executor, or to take any charge or control thereof as such executor."

While this language is more specific than that of our statute, the end in view was evidently the same.   In *Reed* v. *Wilson*, 73 Wis. 497 (41 N. W. 716), it was held that the executor of an executor could not be called upon to render an account of the administration of his testator; and it was said that:

"Under these sections, it appears to us that the executrix of the estate of Alexander Wilson has no duty to perform in regard to the settlement of the estate of Terry merely by reason of the fact that she is the executrix of her husband's will.   She is a stranger to the administration or execution of the will of Terry, and can no more be called upon to settle that estate than if she had not been named as executrix of the will of her husband."

The case of *Quinby* v. *Walker*, 14 Ohio St. 193, also has a bearing on the question.   Real estate belonging to the minor heirs had been sold, and bonds given to Nehemiah Scott, as administrator.   These bonds came to the possession of James G. Scott, as executor of Nehemiah.   An action was brought to recover of the defendants as sureties on the bond executed by them and James G. Scott for the faithful administration of the estate of Nehemiah Scott. The court say :

"Did, then, the bonds which are claimed to have been collected by James G. Scott, as executor, belong, in any substantial sense, to his testator, at the time of his death ? Were they goods, chattels, or credits of the testator, which it became the duty of his executor to administer?   We think they are shown not to have been assets of the estate. The testator was, in respect to them, a mere trustee, who had faithfully fulfilled his trust up to the time of his death. The whole beneficial interest in them was in the heirs of William Moore and their assignees; and neither creditors, heirs, nor legatees of the testator could assert a claim to them or their proceeds.   If it be claimed that Nehemiah Scott received these bonds as the administrator of William Moore's estate, and that they were assets of that estate, then, clearly, the executor of Nehemiah could not,

as such, succeed to and carry on the former administration. The duty of completing that administration devolved upon the co-administrator, John Moore, who survived Nehemiah Scott."

We are cited to no case which sustains the contention of the plaintiff as to the right of the administrator, as such, to act in a case like the present, under a statute like ours. The general rule is that the contracts of sureties shall be strictly construed. In the light of this statute, providing, in terms, that the executor of a deceased executor shall not, as such, administer the estate of the first testator, how can it be said that the sureties on this bond understood that they were undertaking for the faithful administration of such estate?

It is suggested by counsel for the appellee that Walter C. Burridge, as administrator of his father's estate, had an interest in the assets of the estate of Meeker, and that it became his duty to take charge of them, and see that they were properly turned over to the administrator *de bonis non,* when appointed; and we were, at first, much impressed with this view. But, upon consideration, we are unable to say that Walter C. Burridge had any greater interest in this property than creditors of the estate might have had. Moreover, it was no more his duty to protect the estate of Charles Burridge by caring for property of this character than it was of the next of kin of Charles Burridge, or of any person into whose hands the property might be temporarily cast by the decease of Charles Burridge. *As administrator of Charles Burridge, he had no authority to administer the Meeker estate.* We think this statute, properly construed, must limit the obligation of these sureties to an undertaking to see that the estate which came into the hands of Walter C. Burridge, as administrator of his father's estate, was properly administered, and that the obligation of the bond does not cover the conversion of the property of the Meeker estate by Burridge.

The suggestion is made in the brief of counsel that the

obligation of the bond is extended by the last clause, which is the condition that the administrator "shall perform all orders and decrees of the probate court by the said administrator to be performed *in the premises.*" We think this is no enlargement of the undertaking of the sureties. Unless the order of the probate court is one made in relation to the estate of Charles Burridge, it does not come within the terms of the bond.

The judgment will be reversed, and a new trial ordered.

HOOKER, MOORE, and GRANT, JJ., concurred. LONG, J., did not sit.