JOHN M. HOLCOMB vs. NATHAN SHERWOOD.

Where an heir at law, before the distribution of an estate, conveys away his interest, the power of the court of probate to order a distribution is not affected by it.

The court, in making the distribution, should treat the estate and the rights of the heirs to it as if no such conveyance had been made.

EJECTMENT. Exception was taken by the defendant on the trial to the admission of a distribution, under an order of the court of probate, of the estate of Oran Sherwood, embracing the demanded premises; and judgment having been rendered for the plaintiff the defendant moved for a new trial. The case will be sufficiently understood from the opinion of the court.

*Sturges,* in support of the motion.

*Loomis,* contra.

HINMAN; J. The plaintiff's title to the demanded premises depended upon the validity of a distribution of the estate of Oran Sherwood, under the orders of the court of probate. The distribution is claimed to be invalid only for the reason that Richmond Sherwood, one of the heirs of Oran, had, before it was made, conveyed all his interest in the estate to Fanny Sherwood, who is now the wife of the defendant. This conveyance, it is said, changed the character of the estate, so that it was no longer held by the heirs as co-parceners, but had become a tenancy in common between Richmond's grantee and the other heirs; and thereby the court of probate was ousted of its jurisdiction to make partition.

We do not think this result follows from the change in the character of the estate, however correct the defendant may be upon common law principles in respect to the change itself. The distribution, though necessarily made at a time subsequent to the descent of the estate by the death of the ancestor or intestate, yet relates back, to such death as the time and event which fixed precisely the amount to which each heir was entitled out of the estate, subject only to be ascertained at a future time by deducting the amount of debts and other charges allowed in the settlement of the estate from the whole estate left by the intestate. The persons also who, as heirs, are entitled to the estate, are also ascertained by the intestate's death. If then the court of probate in making a distribution, treats the estate and the rights of the heirs to it as if no con-

veyances from any of the heirs had been made, and as if no rights of attaching creditors or others had been acquired to any part of it, it is obvious that there is nothing to obstruct or prevent a distribution in the circumstance that the rights of some of the heirs have, subsequently to the intestate's death, become vested in third persons. And this we suppose is the course pursued by courts of probate in the distribution of estates. We are asked however, if this course is taken, how the rights of such third persons are to be protected? We presume persons who have acquired such an interest have, heretofore, been permitted to appear, either in their own names or in the names of the persons in whose shares they have acquired an interest, either to object to the acceptance of a distribution, or to take an appeal therefrom, as they have supposed was for their interest.

But, however this may be, it is entirely unnecessary to enter into any extended course of reasoning or argument, for the purpose of showing the propriety of the practice of courts of probate in thus making distribution of the estates of deceased persons. We suppose the practice has been uniformly such as was pursued in this instance whenever there has been occasion for it, ·and we have never known or heard of any injustice or inconvenience resulting from it. This is certainly sufficient evidence of the law on a subject so intimately connected with the validity of the numerous titles which have been supposed to be established under it.

We do not advise a new trial.

In this opinion the other judges concurred.

New trial not advised.