## R. P. COCHRAN v. T. P. COCHRAN.

### ERROR TO THE COURT OF COMMON PLEAS OF PERRY COUNTY.

Argued May 29, 1889—Decided June 28, 1889.

1. A devise in the following form: "I give, devise and bequeath to my son T. my farm . . . . . and if he should die leaving no lawful heirs, the whole to descend to his brothers and sisters, share and share alike, or to their legal representatives," read in connection with other portions of the will, gave an estate-tail to the devisee.
2. Such an estate, devised by a will becoming operative prior to the act of April 27, 1855, P. L. 368, may be barred by deed duly executed, acknowledged and recorded, in accordance with the provisions of the act of January 16, 1799, 3 Sm. L. 338.

Before PAXSON, C. J., GREEN, WILLIAMS and MITCHELL, JJ.
No. 59 July Term 1889, Sup. Ct.; court below, No. 5 August Term 1889, C. P.

On April 13, 1889, a case stated was submitted, in which Robert P. Cochran was plaintiff and Thomas P. Cochran, defendant.

The facts are fully set forth in the following opinion of the court, BARNETT, P. J., filed April 29, 1889.

The material facts appearing from the case stated are as follows:

Thomas Cochran, who died prior to February 19, 1846, executed his will on May 2, 1838, and made the following bequests and devises:

1. He gives to his wife his dwelling house and certain lots

of ground in Millerstown, and all the household and kitchen furniture during her natural life; likewise the net income of two hundred shares of bank stock, "the interest of which she is to draw during her natural life, and at her death it is to descend as hereinafter bequeathed and devised." The furniture is to be at her disposal "among my children and none else," and if not disposed of by her, "my will is it shall descend to my children who may survive her, share and share alike."

2. He gives and devises to his son William P. Cochran two hundred shares of bank stock "for his own use and benefit and to dispose of the same as his judgment may direct;" "also all my Missouri lands, in like manner, for his own use."

3. He devises certain tracts of land in this county to his son James M. Cochran, the net interest and income of which "he shall draw and inherit during his natural life, and at his death to descend to his lawful children, and if he should leave none, in that case to descend to his brothers and sisters."

4. " I do give, bequeath and devise to my son Thomas Preston Cochran my farm in Pfoutz's Valley, with all its buildings and improvements, containing 152 acres, more or less; also the hill tract bought at sheriff's sale, as the property of Daniel Huffman, deceased, containing about 200 acres more or less, with all the improvements thereon ; also my dwelling house in Millerstown at the death of his mother, it being on the east side of the main street, and the four lots attached to the same on the east side of the main street, in said Millerstown, Perry county ; and if he should die, leaving no lawful heirs, the whole to descend to his brothers and sisters, share and share alike, or to their legal representatives."

5. He devises to his daughter Eliza Jane McDowell two hundred acres of his Franklin county farm, "for her use and benefit; should she die leaving no lawful issue, then to descend to her brothers and sisters, share and share alike."

6. He devises the remaining 204 acres of his Franklin county farm, to his daughter Mary Ann Thompson, " to enjoy and possess all the rents, issues and profits of the same, on her part, during her natural life, and at her death to descend to her lawful children and if she should leave none, to descend to her brothers and sisters equally."

7. He gives to his grandson Thomas Cochran $100, to be

paid when he arrives at the age of twenty-one years, if promising and of good conduct; if not, to be put at interest for his use: "in case he should die leaving no lawful issue, then it shall descend to his uncles and aunts, or their representatives by his father's side."

8. He gives to his grandson Allison Cochran one dollar.

9. He directs the residue of his real and personal estate to be converted into money; and what remains after payment of a mortgage against his Franklin county farm, including the bank stock bequeathed to his wife if undisposed of by her, and twelve shares of other bank stock, is to be equally divided among his surviving children; "it is understood that the remainder as above stated to go among my children who may survive me, and them only, to be equal shares of the remainder of my estate."

10. "I do give and bequeath my small library to and among my children who may survive me, share and share alike; also my wearing apparel."

He declares that if any of his heirs or legatees shall attempt to invalidate or make void any part of his will, such heir or legatee shall be debarred of any share of his estate. And lastly he appoints his wife, Abram Adams, Esq., and Thomas P. Cochran his executors.

Thomas P. Cochran sold and conveyed, by deed dated March 1, 1887, to his son Robert P. Cochran, certain of the real estate so devised to him in the fourth item of said will, and received the vendee's judgment note of $3,500 for balance of purchase money, and entered judgment thereon to No. 169 January Term 1888. On March 25, 1887, in the belief that his interest in the lands devised to him and conveyed to Robert P. Cochran was an estate-tail, Thomas P. Cochran proceeded in due form of law to bar the entailment. But the plaintiff, alleging that the estate of Thomas P. Cochran in the land so devised to him was not a fee simple, nor such as can be made a fee simple by barring entailment, and because there are other children of said Thomas P. Cochran, refuses to pay the amount of said judgment note, given in payment for a fee simple title. It is admitted also that at the time Thomas Cochran executed his will, he had five children living, all of whom were then married and had children.

Under these facts the question for decision is, what estate did Thomas P. Cochran take in the land devised to him in the will of his father ? If not an estate in fee simple, or such that the defendant can reduce to a fee simple, then judgment No. 169 January T. 1888, to be opened and the defendant therein let into a defence, as upon petition and rule for that purpose ; but if such estate, then judgment to be entered for the defendant in this suit ; with the right to either party to sue out a writ of error.

It will be observed that in the provision of the will against an attempt to invalidate any part of it, there is no devise over in case of a violation of such provision ; and that it is to be considered, therefore, only in terrorem, and without effect upon estates already vested : Chews' App., 45 Pa. 228, recognized in Van Dyke's App. 60 Pa., 491. That provision in no way affects the question to be decided.

The fourth item of this will was before us for construction, in Thomas P. Cochran v. Ezra P. Titzell, No. 7, April Term, 1887 ; and the question was then, as it is now, what estate Thomas P. Cochran took under the said devise in his father's will. This court decided that he took an estate-tail, and the Supreme Court affirmed the judgment. The question, thus, is res adjudicata, unless there are different facts now presented, calling for a different judgment. This is alleged to be the case. Only the fourth item was then submitted ; the entire will is now presented to the court. The additional facts, therefore, consist in the other items of the will. The plaintiff contends that the fourth item is so modified by the other items, that, read in the light of the whole will, a different case is presented, requiring a different determination ; that, considered by itself and unexplained by the context, the phrase, " and if he should die leaving no lawful heirs," may well mean a general indefinite failure of issue ; but viewed in connection with the other items, imports a failure at the first taker's death ; and that therefore Thomas Preston Cochran did not take an estate-tail.

This will was made since the act of April 8, 1833, P. L. 249 ; it required no words of inheritance or of perpetuity to pass the whole estate of the testator in the premises devised. The devise to William P. Cochran, in the second item, of the testa-

tor's Missouri lands, passed the testator's whole estate therein, and vested a fee simple in the devise. The devise to James M. Cochran, in the third item, and to Mary Ann Thompson, in the sixth item, is expressly during natural life, and at their deaths respectively, to descend to their lawful children, and, if they should leave none, to descend to their brothers and sisters equally. The devise in the fourth and fifth items, to Thomas Preston Cochran and Eliza Jane McDowell, respectively, differ from the others in that they are not expressly for and during natural life, on the one hand, nor do they pass the whole estate of the testator therein to the first takers, on the other. The will is not artistic, but the testator was intelligent. He knew how to create different estates in the first takers, and has done so by an intention clearly expressed. He has given a fee simple to one, life estates to others, and at least a freehold estate to Thomas. An inference could not safely be drawn from the fact that he used the term "children" in a devise expressly for life, that he also meant children, by the terms "lawful heirs" in conferring a freehold. Even if it might be inferred that he used "issue" in the sense of "children" in the fifth item, nevertheless it would not materially aid an inference that he meant children by "lawful heirs" in the fourth item. Heirs is a word of larger import than issue: Taylor v. Taylor, 63 Pa. 481. "Lawful heirs" here means heirs of the body; because, since the devise over is to the brothers and sisters, they are necessarily excluded from the first takers; and since the brothers and sisters are not to take while there are heirs of the body of the first takers, the limitation over is after an indefinite failure of issue: Covert v. Robinson, 46 Pa. 274.

The inference that testator by "lawful heirs" meant children, could not be drawn for another reason. The devise over is to the first taker's "brothers and sisters, share and share alike, or to their legal representatives." Where there is a bequest of personalty, "legal representatives," as in Fleck's Est., 1 Pars. 126, ordinarily means executors or administrators. But where there is a devise of realty, "the legal representative, in legal contemplation, is the heir, and not the administrator:" Duncan v. Walker, 2 Dall. 205; Ware v. Fisher, 2 Y. 578; Commonwealth v. Bryan, 6 S. & R. 81. If the testator felt

a necessity of providing an indefinite succession for the devise over, it must have sprung from the contemplation of an indefinite failure of issue of the first taker: Stook's App., 20 Pa. 349. Certainly, it is not clear, from a consideration of the whole will, that the testator meant to give less than a freehold estate to his son Thomas; certainly, there is nothing "to contradict unequivocally the presumed intention that the devise over shall not take effect until the whole line of issue is extinct," and that is all that is required in order to give the same construction to the fourth item which it received when the case of Cochran v. Titzell was under consideration.

"It is a rule of law," said Mr. Justice SHARSWOOD, in Kleppner v. Laverty, 70 Pa. 70, "which declares inexorably that where the ancestor takes a preceding freehold, by the same instrument, whether deed or will, a remainder shall not be limited to his heirs as purchasers." We are of opinion that this case is ruled by Eichelberger v. Barnitz, 9 W. 447, and the line of cases which follow its lead. These cases are numerous; some of them are the following: Smith's App., 23 Pa. 9; Braden v. Cannon, 24 Pa. 168; Covert v. Robinson, 46 Pa. 274; Matlack v. Roberts, 54 Pa. 148; Kleppner v. Laverty, 70 Pa. 70; Lawrence v. Lawrence, 105 Pa. 335; Carroll v. Burns, 108 Pa. 386; Bassett v. Hawk, 118 Pa. 94; Cockins's App., 111 Pa. 26; Reinoehl v. Shirk, 119 Pa. 108. To which may be added Titzell v. Cochran, 8 Cent. R. 513.

And now, April 29, 1889, being of opinion that the estate devised to the defendant was, by reason of said devise and the proceedings to bar entailment, an estate in fee simple, we hereby, in accordance with the terms of the case stated, enter judgment for the defendant.

The plaintiff thereupon took this writ, assigning for error the entry of judgment in favor of the defendant, under the facts contained in the case stated.

*Mr. W. H. Sponsler* (with him *Mr. Jeremiah Lyons* and *Mr. J. L. M. Markel*), for the plaintiff in error.

*Mr. B. F. Junkin* (with him *Mr. W. A. Sponsler*), for the defendant in error.

PER CURIAM:

The fourth item or clause in the will of Thomas Cochran was before us for construction in Titzell v. Cochran, 8 Cent. R. 513, and we then decided that Thomas P. Cochran took a fee-tail. The whole of the will was not before us in that case; the fourth item only was considered. We have now the entire will, and it is contended that when the fourth item is read in connection with the other portions of said will, it should receive a different construction. A careful consideration of the subject leads us to a different conclusion, and we adhere to the views formerly expressed. The opinion of the learned judge below is so full and accurate that we are spared a further discussion of the case.

Judgment affirmed.