THE STATE OF CONNECTICUT EX REL. NELLIE DONAHUE
MORIARTY, ADMINISTRATRIX, *vs.* MARY ANN DONAHUE,
ADMINISTRATRIX, ET ALS.

Third Judicial District, New Haven, June Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, JS.

Alleged equities between the distributees of a decedent's estate and
    strangers, arising from transactions occurring after the decedent's
    death, are matters with which neither the Court of Probate nor the
    administrator have any concern in making a distribution of the
    estate.  Accordingly an administrator cannot justify his refusal
    to pay over to a duly ascertained distributee his share of the prop-
    erty awaiting distribution, upon the ground that such share had
    been mortgaged and foreclosed and that therefore the mortgagee
    had acquired a superior right to take such portion of the property.
    Such rights as the mortgagee may have are open to litigation and
    settlement in another court, in proceedings to which he can prop-
    erly become a party.
Where real estate of a decedent has been sold by order of the Court of
    Probate, pending settlement, the avails are to be distributed as
    the land would have been had there been no sale.
The distribution of the proceeds of a sale of real estate which is made
    not to pay debts but for the purpose of division among heirs at
    law, is not a duty which is assumed by the administrator when he
    qualifies; and therefore his neglect or refusal to pay over such
    proceeds to the persons entitled thereto is not a breach of his
    original administration bond, but only of the bond subsequently
    given upon the order of sale, as required by General Statutes, § 353.

Argued June 2d—decided July 20th, 1909.

ACTION on probate bonds to recover damages for the
failure of one of the defendants, as administratrix, to turn
over to the plaintiff a distributive share of an estate to
which she claimed to be entitled, brought to the Superior
Court in New Haven County and tried to the court, *Ben-
nett, J.,* upon demurrers to the answers; the court sus-
tained one demurrer and overruled the others, and ren-
dered judgment accordingly (*Shumway, J.*), from which
all parties other than the defendant Seery appealed.  *No
error.*

*John O'Neill* and *Finton J. Phelan,* for the plaintiff.

*Edward L. Seery,* for the defendants.

THAYER, J.   On February 21st, 1906, the defendant Mary A. Donahue was appointed administratrix *de bonis non* of the estate of her mother, Bridget Donahue, and gave a probate bond, with the defendant Seery as surety, for the faithful discharge of her duties.   On August 16th, 1906, having been ordered by the Court of Probate to sell all the real estate of the deceased, she gave another bond, with the defendant Grelle as surety, "to secure the distribution of the assets of said sale, according to law."   On September 19th, 1908, she settled her administration account, which showed that there was then in her hands in cash to be distributed the sum of $23,171.80.   Upon her application the Court of Probate found that the only persons entitled to the estate at the time of the death of Bridget were her five children and only heirs at law, and that each of these was entitled to, and that there should be distributed to them, respectively, one equal one-fifth share of the estate remaining in the hands of the defendant administratrix.   One of these children was Thomas Donahue, who was living at the time of his mother's death, but died shortly thereafter.   The defendant Mary A. Donahue neglected to pay over the one fifth of Bridget's estate to the estate of Thomas.   This action is brought for the benefit of Nellie D. Moriarty, the administratrix of his estate.   These facts are alleged in the complaint in one count, and the defendant Mary A. Donahue, administratrix of Bridget's estate, and her sureties on the two bonds, are made parties defendant.

The defendants filed separate answers.   That of Mary A. Donahue alleges, in substance, the following facts: The entire personal estate received by her as administratrix of Bridget's estate amounted to $2,345.50, and was re-

quired for, and actually expended in, the payment of the debts and expenses of settlement of the estate. At the time of her death Bridget was possessed of an undivided one-half interest in five pieces of land in Waterbury, which she had inherited from her brother Patrick Coyle. After her death the Court of Probate distributed to her estate, as her share of her brother's estate, two of these pieces of land. Prior to such distribution, but after her death, her son Thomas, above mentioned, mortgaged his interest in the entire five pieces of land to one Downey, who later foreclosed the mortgage against the administratrix and heirs at law and representatives of Thomas; the judgment providing that unless the defendants in that action should pay to Downey $4,009.13 on or before the first Monday in July, 1908, they should be foreclosed of all interest in the mortgaged premises, and they have never paid the amount found due or appealed from the judgment. On February 1st, 1907, pursuant to the order of the Court of Probate above mentioned, Mary A. Donahue, as administratrix, sold all the real estate which belonged to Bridget's estate for $23,000.

The defendant Seery in his answer sets up substantially the same facts as the defendant Donahue, but in two defenses. The first repeats the allegations relating to the real estate. The second alleges, in substance, that the personal property amounted to only $2,345.50, and has been fully accounted for by the administratrix to the acceptance of the Court of Probate.

The answer of the defendant Grelle was substantially like that of the other two defendants relating to the real estate, but omitted any reference to the personal property.

The plaintiff demurred to each of these defenses. The questions raised by the demurrers are: (1) Whether the fact that Thomas Donahue mortgaged his interest in his mother's real estate to Downey, and the latter's foreclosure of the mortgage, justified Bridget's administratrix

in refusing to pay over to the estate of Thomas a one-fifth share in the estate, as ordered by the Court of Probate; (2) Whether, if she was not justified by those facts in refusing to pay it over, such refusal constituted a breach of the first or general administrator's bond, on which Seery was surety. The latter question is raised by the plaintiff's appeal, the former by the defendants'.

The second bond, upon which Grelle was surety, was given at the time the sale of the real estate was ordered, and its purpose, as stated in the condition, was to secure the proper distribution of the proceeds of the sale. It appears that all the property for distribution was the proceeds of the sale. The Court of Probate has made an order directing to whom it shall be distributed, and the order has not been appealed from. That the refusal of the administratrix to distribute to the estate of Thomas a one-fifth share, as ordered, was a breach of the bond, must be and is conceded, unless, as claimed by the obligees, the mortgage by Thomas to Downey, and the latter's foreclosure of the mortgage, render such distribution improper. But the Court of Probate had no power to inquire into the equities existing between Thomas and Downey. *Hewitt's Appeal*, 53 Conn. 24, 37, 1 Atl. 815; *Hall* v. *Pierson*, 63 Conn. 332, 338, 28 Atl. 544. That court cannot inquire as to what conveyances have been made, or attempted to be made, by distributees during the settlement of the estate. Had this real estate not been sold by the administratrix, one-fifth part of it must have been set to Thomas, regardless of the mortgage and foreclosure. The Court of Probate could not go into an inquiry as to what rights Downey, or any third party, had acquired in it since the death of Bridget. *Holcomb* v. *Sherwood*, 29 Conn. 418, 420; *Homer's Appeal*, 35 id. 113, 114. Such inquiries are for another court. Much less can the administratrix assume to decide between them. Her duty is to obey the order of the Court of Probate for a distribution, passed

upon her application. She was not a party to the foreclosure suit, and Downey is not a party to this proceeding. His rights are still for another court to determine. The proceeds of the real estate are to be distributed as the real estate would have been distributed had the sale not been made; that is, according to the rights of the parties at the death of Bridget. General Statutes, § 353; *Hall* v. *Pierson*, 63 Conn. 332, 28 Atl. 544. The court, therefore, was correct in holding that the answers of the administratrix and Grelle were insufficient, and in sustaining the demurrer thereto.

General Statutes, § 210, provides that all probate bonds shall be taken to the State for an amount satisfactory to the Court of Probate before which they are given, and shall be conditioned for the faithful discharge, by the principal in the bond, of the duties of his trust according to law. Section 211 provides that the Court of Probate may, in any case, require additional bonds to be given, and on the neglect of the principal to obey the requirement shall remove him from his office and trust. The bond upon which Seery was surety recited the appointment of the principal, Mary A. Donahue, as administratrix of the estate of Bridget Donahue, and was conditioned upon the faithful discharge by her of the duties of that appointment. The plaintiff claims that the sale of the real estate, and distribution of the proceeds to the persons to whom the real estate would have been distributed had it not been sold, was a part of the duties of administration, and therefore secured by this bond.

Anciently the administrator, as such, had nothing to do with the intestate's real estate, unless it was required to pay debts. In case it was required to pay debts he might, upon showing the necessity therefor, obtain an order for the sale of sufficient of the real estate to produce funds for their payment. Such sale was in such case a matter which pertained to the settlement of the estate. *Pratt* v. *Stewart*,

49 Conn. 339, 341, 342. The proceeds were to be used for the purpose of paying the debts of the estate, and their misappropriation would be a breach of the administrator's bond. But the real estate, except when required for the purpose indicated, belonged to the heir, and the Court of Probate had no power to order its sale. While the rights of the administrator with respect to the intestate's real estate have been extended by statute, and the Court of Probate has been given power, in its discretion, to order the sale of the whole or any part of it, yet the title to the real estate of the intestate does not pass to the administrator upon his appointment, as does that of the personal property. It forms no part of the estate which he is appointed to administer. When a sale is ordered, as in this case, for purposes of partition or distribution, the proceeds constitute a special fund; and it is because this fund is not a part of the personal estate, to be administered and distributed like the rest of the personal property, and therefore not covered by the original bond of the administrator, that the statute requires as a condition, without the performance of which the sale would be void, that a sufficient bond shall be required by the Court of Probate on making the order of sale. *State* v. *Thresher*, 77 Conn. 70, 75, 58 Atl. 460. This positive requirement would be unnecessary if the statute contemplated that the sale and distribution of the proceeds are a part of the administration of the estate. The bond is required to be given although the original bond may be ample in amount to secure the sum to be realized from the sale. If an additional bond, supplementary to the original bond of the administrator, should be necessary, the Court of Probate has power, under § 211 of the General Statutes, to require the administrator to give such supplementary bond. Thus no necessity existed for the enactment requiring a special bond to be given when real estate is ordered sold, if such sale and the distribution of the proceeds as directed by § 353 of the Gen-

eral Statutes, is to be treated as a part of the duties of the administration of the estate. Our conclusion is that they are not a part of the duties the discharge of which is assumed by the administrator when he qualifies, and that a failure to perform them, by neglecting to distribute to the persons entitled thereto the proceeds of the sale, is not a breach of the original bond of the administrator. The Superior Court, therefore, properly overruled the demurrer to Seery's second defense.

In her administration account the administratrix charged herself with the proceeds of the real estate, and the order of the Court of Probate ordering its distribution treats it in form as personal estate. No question was made upon the trial as to the propriety of this action, or as to its affecting the rights of the parties. It was conceded that the property for distribution was all a part of the proceeds of the sale of the real estate, and to be distributed as the real estate would have been distributed if it had not been sold. As in this case the same heirs, in the same proportions, would be entitled to the property, whether real or personal estate, the action of the administratrix and the court in treating it as personal estate became unimportant, in view of the conceded facts in the case.

There is no error.

In this opinion the other judges concurred.