GEORGE R. COOLEY, ADMINISTRATOR C. T. A., *vs.*
JAMES P. PIGOTT, ADMINISTRATOR, ET ALS.

Third Judicial District, Bridgeport, April Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

A Court of Probate directed the plaintiff, as administrator c. t. a., to pay over one half the fund in his hands, after the settlement of his final administration account, to *T*, an alien brother and beneficiary of the testatrix, or to "his legal representative," and upon appeal this order was affirmed by the Superior Court and by this court. Thereupon the defendant *P*, who had been appointed administrator on *T's* estate, and the other defendants, who were *T's* heirs at law, claimed the fund. Upon a bill of interpleader it was *held:*—

1. That *T*, if living, was entitled to the fund; and if dead, or if the plain-

tiff had no knowledge that he was living, then his administrator, the defendant P, was entitled to it and not T's heirs at law.

2. That the plaintiff had no interest in the appointment of an administrator upon T's estate, and therefore was not entitled to notice of the hearing relative thereto.

3. That the order in question afforded full protection to the plaintiff, and that the resort to an action of interpleader was unnecessary.

The term "legal representative," or "personal representative," of a decedent, ordinarily means his executor or administrator.

Argued April 11th—decided June 15th, 1911.

ACTION in the nature of interpleader, brought to and tried by the Superior Court in New Haven County, *Reed, J.,* upon demurrer to the substituted complaint; the court sustained the demurrer and dismissed the complaint, from which judgment the plaintiff appealed. *No error.*

*Robert C. Stoddard,* for the appellant (plaintiff).

*James P. Pigott,* for the appellees (defendants, other than Emery and Norton).

THAYER, J.　The plaintiff is the administrator with the will annexed of the estate of Elizabeth S. Bradley. In *Emery* v. *Cooley,* 83 Conn. 235, 76 Atl. 529, where facts pertinent to the present case appear, we sustained an order and decree of the Court of Probate directing that one half of the estate of Mrs. Bradley remaining in the plaintiff's hands upon the rendition of his final administration account should be paid to John Thompson, an alien brother and beneficiary of the testatrix, or to his legal representative. The money thus ordered by the Court of Probate to be paid to Thompson, or his legal representative, is the fund in question in the present case.

The complaint alleges that the defendant Pigott, claiming to be administrator of Thompson's estate, and

the other defendants, claiming to be the heirs at law of Thompson, claim the fund as his legal representatives. It is also alleged that the plaintiff has no knowledge whether Thompson is alive or dead, and that he had no notice of the hearing at which the defendant Pigott claims to have been appointed administrator. The complaint was demurred to by Pigott and all the other defendants except Emery and Norton, upon the ground that it appears from the complaint that the defendants other than Pigott are not entitled to receive the fund from the plaintiff and that it appears that Pigott, as the administrator of Thompson, is entitled to receive it.

The demurrer was properly sustained. If Thompson is living he is entitled to receive the fund. If he has died since Mrs. Bradley's death, his heirs at law are not his legal representative in the sense in which that term was used by the Court of Probate in its order. That court could not properly undertake to distribute Thompson's estate as a part of the settlement of Mrs. Bradley's. The fund would have to pass to Thompson's administrator or executor for the purpose of distribution, and would be subject to the expense of settling his estate. In the settlement of his estate the Court of Probate would ascertain who are his legal heirs. General Statutes, § 394. The "legal representative" or "personal representative" of a deceased person, as the term is ordinarily used, is his executor or administrator. 2 Jarman on Wills (6th Ed.) p. 117. It was in this sense that the court used it in the order in question. None of the heirs at law, therefore, had any claim upon the fund under the order of the Court of Probate.

There was no occasion for bringing this action for an interpleader. The plaintiff in his brief admits that Pigott has been appointed administrator of Thompson's estate. He does not attack his title or allege that Thompson is living. In the absence of knowledge that

Thompson is alive, the plaintiff is safe in paying the money to Pigott as his administrator. Such payment would be a compliance with the order of the Court of Probate which would afford the plaintiff full protection.

The plaintiff was not entitled to notice of the hearing on the appointment of an administrator of Thompson's estate. He, as administrator of Mrs. Bradley's estate, had no interest in that appointment. Nor can he in an action of this kind properly bring the question of Thompson's death, or the validity of the appointment of his administrator, into question.

There is no error.

In this opinion the other judges concurred.