FLORA CONLEY, Administratrix, Appellant, v. FRANCES JAMISON et al., Appellees.

MAY 15, 1928.

*James E. Remley* and *J. J. Locher,* for appellant.

*George C. Gorman,* for Frances Jamison, appellee.

*Doxsee & Doxsee,* for Barbara Mirick, appellee.

ALBERT, J.—On or about the 8th day of March, 1913, one Jerry Hartle was duly appointed by the district court of Jones County, Iowa, guardian of Martha Coppess, a person of unsound mind. As such guardian he filed a bond in the sum of $1,000, which was approved, signed by J. F. Fisher and D. C. Easterly as sureties. Later, Hartle, as guardian, under order of court, sold some town property belonging to his ward, for the sum of $2,700, and on the sale of this property, he filed another bond, which was approved by the court on February 6, 1914, signed by the same parties as sureties.

On April 2, 1922, J. F. Fisher died, and his estate, amounting to about $10,000, passed to his daughters, Frances Jamison and Barbara Mirick, née Fisher, both of whom are defendants herein. His estate was duly closed, and the executors discharged. Hartle's ward died January 1, 1924. Later, Flora Conley was duly appointed administratrix of the estate of the ward, Martha Coppess, and she brings this action against the surety on Hartle's

bond, Hartle, prior to his death, having dissipated his ward's estate. The amount the guardian should have had on hand, as computed by the court, was $2,293.37. Judgment seems to have been entered in the case against Hartle and Easterly, and, no appeal having been taken by them, we give them no further attention in the case.

The two beneficiaries of the estate of Fisher, as heretofore stated, were his two children, into whose hands passed from his estate some $10,000 or more. Frances Jamison and Barbara Fisher Mirick filed separate answers. The bonds in suit were identical as to form. Each contained the words: "We do jointly and severally bind ourselves and our lawful representatives." From the decision of the lower court and the respective arguments, the crux of the case lies in the above quoted words from the bonds: to wit, "our lawful representatives." Suit being bottomed on the bonds, if plaintiff is entitled to recover, she must recover under the terms of the bonds.

The defense made is that the words "our lawful representatives" do not include heirs at law, and do not include the defendants Frances Jamison and Barbara Mirick, who were the heirs at law of J. F. Fisher, deceased, one of the sureties on said bonds. The district court held with the defendants on this contention; hence this appeal.

We then have the single question whether or not the use of these words "our lawful representatives" includes the heirs at law. This seems to be a case of first impression in this state, and to it we will turn our attention. A careful review of the authorities involving a construction of this phrase shows that many of them distinguish between a case where the subject-matter is real property and one in which the subject-matter is personalty. The general trend of authority seems to be that, where real property is involved as the subject-matter, the term "lawful representatives" includes or means legal heirs. *State Fair Assn. v. Terry*, 74 Ark. 149 (85 S. W. 87); *Cochran v. Cochran*, 127 Pa. St. 486 (17 Atl. 981); *Howell v. Gifford*, 64 N. J. Eq. 180 (53 Atl. 1074); *Sinclair v. Auxiliary Realty Co.*, 99 Md. 223 (57 Atl. 664); *Bradley v. Dells Lbr. Co.*, 105 Wis. 245 (81 N. W. 394); *Brown v. Massey*, 13 Okla. 670 (76 Pac. 226); *Curtiss' Appeal*, 77 Conn. 310 (59 Atl. 44); *Ralston v. Sharon*, 51 Fed.

702; *Johnson v. Van Epps,* 110 Ill. 551. The distinction seems to be bottomed on the thought that ordinarily real estate does not pass into the hands of the executor or administrator.

Under our statute, the executor, except in certain cases, has nothing whatever to do with the real estate. This being the situation, the term "lawful representatives" could refer to nothing but those persons who inherit the real estate. As to personal property, the rule seems to be otherwise. The great weight of authority we have found on this subject defines the phrase "legal representatives" as ordinarily meaning executors or administrators, when not qualified by the context. Some of the numerous cases that we have investigated on this question are the following, which seem with one voice to hold that the phrase "lawful representatives" is limited to executors and administrators: 2 Williams on Executors (5th Am. Ed.) 1013–1017; *Briggs v. Walker,* 171 U. S. 466 (43 L. Ed. 243); *Pardoe v. Iowa State Nat. Bank,* 106 Iowa 345; *Rockland-Rockport Lime Co. v. Leary,* 203 N. Y. 469 (97 N. E. 43); *Page v. Metropolitan Life Ins. Co.,* 98 Ark. 340 (135 S. W. 911); *Alexander v. McPeck,* 189 Mass. 34 (75 N. E. 88); *Cooley v. Pigott,* 84 Conn. 323 (80 Atl. 92); *Lodge v. Weld,* 139 Mass. 499 (2 N. E. 95); *Weaver v. Roth,* 105 Pa. St. 408; *Matthews v. American Cent. Ins. Co.,* 154 N. Y. 449 (48 N. E. 751); *Tarrant v. Backus,* 63 Conn. 277 (28 Atl. 46).

We are more ready to reach this conclusion in the instant case because of the general rule governing sureties, that they are not to be held beyond the clear terms and meaning of their undertaking, and that their liability cannot be enlarged by implication. See *Carr & Baal Co. v. Consolidated Ind. Dist.,* 187 Iowa 930; *Leggett v. Humphrey,* 21 How. (U. S.) 66 (16 L. Ed. 50); *Robbins v. Burridge,* 128 Mich. 25 (87 N. W. 93); *Hooper v. Hooper,* 32 W. Va. 526; *Webster v. Thompson,* 55 Ga. 431; *Baldwin v. State,* 89 Md. 587 (43 Atl. 857); 32 Cyc. 71; 24 Corpus Juris 1059; 28 Corpus Juris 1285.

The plaintiff in this action based her right to recover on these bonds, and of course must win or lose on this basis of her action. The defendants did not sign either of these bonds, neither does either bond purport to bind them, under our holdings. This opinion is limited to this narrow situation. The

court dismissed the plaintiff's petition, and, as we view the case, this ruling was right.—*Affirmed.*

STEVENS, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.