**PETROLEUM CONVERSION CORPORATION**

v.

**James A. VAUGHAN and Edward A. Rogers.**

**Civ. A. No. 5545.**

United States District Court
D. Connecticut, Civil Division.

Aug. 17, 1955.

Morgan P. Ames, Cummings & Lockwood, Stamford, Conn., for plaintiff.

C. Driscoll Grimes, Hirshberg, Pettengill & Strong, Greenwich, Conn., for defendants.

ANDERSON, District Judge.

The plaintiff is seeking permission under Section 6847 of the General Statutes of the State of Connecticut, Revision of 1949, to sue on a probate bond for $41,000 given by Vaughan, as administrator, and Rogers, as surety, in connection with an order to sell real estate entered by the Probate Court for the District of Greenwich on October 6, 1954, in the estate of Elizabeth Boyd Vaughan, deceased. The Probate Court refused the plaintiff permission to sue on the bond; and now, as provided by the statute, application has been made to me as a judge of the court before which the proposed action will be returnable for that same permission. There is

diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $3,000.

This application arises out of the following set of facts:

1. On September 7, 1950, the United States District Court for the District of Delaware entered a judgment in favor of the plaintiff, Petroleum Conversion Corporation, against James Vaughan for $30,841.59.

2. On April 8, 1953, this judgment, under the provisions of Title 28 U.S.C. § 1963, was registered in the United States Court for the District of Connecticut as Civil Action No. 4376. The judgment remains unpaid.

3. On July 11, 1946, James A. Vaughan's wife, Elizabeth Boyd Vaughan, died intestate and he was appointed and duly qualified as administrator by the Probate Court for the District of Greenwich, Connecticut.

4. As surviving spouse, James A. Vaughan had an undivided one-third interest in his wife's estate which included certain real estate located in the Town of Greenwich.

5. The Greenwich Probate Court on October 6, 1954, ordered the sale of this Greenwich realty for the purpose of paying the debts of the estate.

6. On or about said date, October 6, 1954, Vaughan filed a bond in connection with the order of sale, as required by law, in the penal sum of $41,000 on which the surety is Edward A. Rogers, of Greenwich.

7. On August 18, 1953, at 9:01 A.M., Petroleum Conversion Corporation filed a certificate of judgment lien on the land records of the Town of Greenwich, pursuant to and in accordance with the provisions of Section 7225 of the Connecticut General Statutes, Revision of 1949, placing the lien of said judgment as registered in the United States District Court for the District of Connecticut upon the undivided interest of the said James A. Vaughan in the real property formerly owned by his wife, Elizabeth Boyd Vaughan.

8. On or about October 8, 1954, the property was sold pursuant to the Probate Court order of October 6, 1954, to third-party purchasers.

9. At the time of the sale the defendant Vaughan had actual notice of the judgment lien filed in the Town Clerk's Office of Greenwich.

10. Vaughan, after paying certain debts of the estate, distributed the balance of the $58,000, the sale price of the property, to himself and the two other heirs of the decedent in compliance with the order of distribution of the Probate Court.

11. Thereafter the plaintiff, Petroleum Conversion Corporation, sought permission from the Probate Court to bring an action on the bond pursuant to Connecticut General Statutes, Revision of 1949, Section 6847 which was denied.

## Discussion

The plaintiff, Petroleum Conversion Corporation, claims that the judgment lien filed in the Town Clerk's Office attached to and followed Vaughan's interest in the proceeds from the sale which became "a special fund" standing in place of the real property; and that, therefore, Vaughan as administrator in "accounting for the avails of said sale according to law" had a duty to pay over his distributive share of the avails as an heir, to the plaintiff on account of the judgment debt and that his act of distributing to himself, instead, was a breach of the condition of the bond which makes the surety, Rogers, liable. The plaintiff relies upon the case of Phelan v. Elbin, 1911, 84 Conn. 208, 79 A. 187 as supporting its contention. The Phelan case must be considered in connection with Moriarty v. Donahue, 1909, 82 Conn. 308, 73 A. 763 which concerned the same estate. The cases arose out of these circumstances: One Bridget Donahue died intestate in 1906 and on February 21, 1906, Mary A. Donahue, her daughter, was appointed administratrix. The estate consisted of interests in land in Waterbury. Her heirs were her five children. One of them, Thomas,

after his mother's death mortgaged his entire undivided one-fifth interest to one Downey. Thomas died and Downey foreclosed against Thomas' administratrix and heirs. The redemption date was the first Monday of July 1908 but no one redeemed. Meanwhile February 1, 1907, Mary A. Donahue, administratrix, pursuant to an order of the Probate Court sold all the real estate of Bridget's estate and one Grelle was surety on the bond given in connection with that sale. Because Thomas had mortgaged his interests and had lost them through foreclosure by Downey, Donahue, administratrix, refused to pay to the estate of Thomas his one-fifth share in Bridget's estate. The court, however, held that the administratrix had no right to refuse to distribute the one-fifth to Thomas' estate as ordered by the Probate Court even though Thomas had mortgaged his interest and it had been foreclosed. At page 311 of 82 Conn., at page 764 of 73 A., Moriarty v. Donahue, supra, the court said:

"* * * the court of probate had no power to inquire into the equities existing between Thomas and Downey. * * * That court cannot inquire as to what conveyances have been made, or attempted to be made, by distributees during the settlement of the estate. Had this real estate not been sold by the administratrix, one-fifth part of it must have been set to Thomas, regardless of the mortgage and foreclosure. The court of probate could not go into an inquiry as to what rights Downey or any third party had acquired in it since the death of Bridget. * * * Such inquiries are for another court. Much less can the administratrix assume to decide between them. Her duty is to obey the order of the court of probate for a distribution passed upon her application."

Judgment was entered in favor of Moriarty, administratrix of the estate of Thomas Donahue, against Mary A. Donahue, administratrix of the estate of Bridget Donahue and Grelle, the surety on the bond of Donahue administratrix.

When the real property in the estate of Bridget Donahue was sold, the purchaser, Elbin, mortgaged the property to the Thomaston Savings Bank. Mary Donahue, administratrix of Bridget's estate, agreed that Elbin could hold out $4,000 of the purchase price until Downey's encumbrance resulting from Thomas' mortgage which Downey foreclosed could be cleared from the record. The savings bank in turn withheld the $4,000 from the proceeds of the mortgage loan to Elbin.

After Moriarty, administratrix, secured her judgment in Moriarty v. Donahue, supra, it remained unsatisfied, for the defendant administratrix and her surety, Grelle, were hopelessly insolvent. Out of these circumstances the case of Phelan v. Elbin arose. Phelan had succeeded Mary A. Donahue as administrator of the estate of Bridget Donahue. Moriarty, administratrix, claimed the $4,000 held by the savings bank and Downey also claimed it. The Phelan case was the suit brought in the Superior Court to determine the rights of all the parties. It was treated by the parties and the trial and appellate courts as an interpleader action.

In his memorandum of decision the trial judge (Supreme Court of Errors: Records and Briefs 3rd District, January Term, 1911, page 151) said that the money should be paid over to the administrator, Phelan, who in turn should turn it over to the heir as ordered by the Probate Court, but since the action was one in equity in the nature of an interpleader, the court stated,

"I see no reason why I should not avoid circuity in proceeding and cut across-lots, so to speak, and put this money where it equitably belongs. If it should be given to the plaintiff Phelan, Administrator of Bridget, he should pay it to Nellie Donahue Moriarty, Administratrix of Thomas. Since there are no debts against Thomas' estate that

are not satisfied she in turn should pay it to the defendant Downey in satisfaction of his mortgage, where in my judgment it equitably belongs. It should therefore be paid directly to him."

The judgment ordered the savings bank to pay all the money to Downey, as his mortgage debt exceeded the $4000.00 held. The Supreme Court of Errors found no error in the trial court's action. The Supreme Court in discussing Section 353 (now Section 7028) of the Connecticut Statutes said [84 Conn. 208, 79 A. 189],

> "The statute treats this fund as real estate, directing that it shall be distributed as the real estate would have been; this must mean to the same persons and subject, as between them, to the same incumbrances, conveyances, and equities to which the real estate would have been subject, had there been no conversion, and the real estate itself had been distributed. It cannot have been the intention, by this statute, to turn over the fund to heirs who have sold and received full value for their shares, or to thwart attaching creditors who have perfected liens upon such heirs' interest in the land. * * *"

The plaintiff in the present action invokes this part of the court's opinion in Phelan to support its contention that Vaughan, administrator, had an affirmative legal duty, once he had knowledge of the judgment lien, to pay the distributive share of Vaughan, as heir, to the judgment creditor, the plaintiff, rather than to himself.

However, the Phelan case does not overrule the Donahue case. It quotes it with approval. The above language upon which the plaintiff relies must be construed in the light of both the Phelan and Donahue cases, the types of action they were and the parties involved. The Supreme Court was in effect saying that for the purpose of an interpleader action, where a court of general and equitable jurisdiction has before it all of the rights of all of the parties in interest in the fund, the statute could not have the effect of barring the purchaser of an heir's interest or an heir's attaching creditor from his remedy in an interpleader action or of preventing the court from following through in such an action all the legal relations of all of the parties in the matter before it to achieve a final determination of the ownership of the fund. The Phelan case is not, however, authority for the proposition that an administrator who has actual or constructive notice of the interest of an heir's creditor in the heir's distributive share of the estate which he is administering, is under the affirmative duty to protect that creditor's interest, absent any process such as foreign attachment or garnishment which has brought the administrator into proceedings instigated by the creditor against the heir in a court other than the Probate Court.

The doctrine of the Donahue case, which like the present action was a suit on a probate bond, makes this clear. To hold otherwise would involve the Probate Court which is statutory and of limited jurisdiction in the determination of matters beyond its powers and make impossibly complex the settlement of estates. The administrator has no duty to bring an interpleader action. Cooley v. Pigott, 84 Conn. 323, 80 A. 92; and Pigott v. Donovan, 91 Conn. 444, 99 A. 1047.

If in this action the plaintiff were seeking to reach personal resources of Vaughan, the latter might be estopped from hiding behind himself as administrator; but for the purpose of reaching Rogers, his bondsman, Vaughan administrator and Vaughan individually must be treated as separate persons and the bondsman can only be held responsible for a violation of Vaughan's duty as administrator.

## Conclusions of Law

1. This court has jurisdiction of the subject matter and the parties.

2. On the set of facts alleged in the plaintiff's petition there is no liability of the surety, Rogers, under the bond filed in the Greenwich Probate Court in connection with the sale of real estate in the estate of Elizabeth Boyd Vaughan.

Permission for Petroleum Conversion Corporation to bring an action against James A. Vaughan and Edward A. Rogers on the probate bond filed in connection with the sale of real estate from the estate of Elizabeth Boyd Vaughan, deceased, is denied.